# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY,

MAY TERM, 1878.

THEODORE RUNYON, ESQ., ORDINARY.

In the matter of the admission to probate of a paper writing purporting to be the will of EDWARD EVANS, deceased, late of Burlington county.

1. The statute (*Rev.* p. 755, § 16,) provides that "no will shall be proved before the ordinary or surrogate until after ten days from the death of the testator." E. died on December 19th, 1877.—*Held*, that the probate of his will and the issuing of letters testamentary thereon on December 29th, 1877, were erroneous; they ought not to have been granted until after that day.

2. The caveators applied to the orphans court for an order setting aside the probate and letters, which was refused. On appeal from this order of refusal the proceedings of the orphans court were affirmed.— *Held*, that the orphans court can review the surrogate's acts only by appeal. (*Rev.* p. 791, § 174.)

On appeal from the decree of the orphans court of Burlington county.

*Mr. C. S. See*, for appellants.

*Mr. J. Flemming*, for respondents.

On admission to probate of the will of Edward Evans.

THE ORDINARY.

Edward Evans died on the 19th of December, 1877. On the 29th of that month a paper, purporting to be his last will and testament, was admitted to probate by the surrogate of the county of Burlington, who then issued letters testamentary thereon. No caveat had then been filed against admitting it to probate. Subsequently various caveats were filed, and the caveators applied to the orphans court of that county for an order setting aside the probate and revoking the letters. That application was, on the 9th of February, 1878, denied. From the order denying it, an appeal was taken to this court.

The questions presented for decision are, whether, in view of the fact that the testator died on the 19th of the month, the admission of the paper to probate on the 29th of that month was contrary to law; and whether the denial, by the orphans court, of the application to set aside the probate and revoke the letters, was erroneous.

As to the first question: The sixteenth section of the orphans court act, as it stood before the revision (*Nix. Dig.* 643), provided that the surrogate of each county should "take the depositions to wills, administrations, inventories, and administration bonds in case of intestacy, and issue thereon letters testamentary and of administration." It concluded with the proviso that no surrogate should proceed to prove any will *until ten days from the death of the testator.* By the revision it is enacted in lieu of the proviso, that no will shall be proved before the ordinary or surrogate *until after ten days from the death of the testator.* (*Rev.* p. 755.)

The industry of the counsel of the parties has presented to the court very many of the decisions on the subject of the computation of time. They are, it is unnecessary to remark, conflicting, and they furnish neither rule nor precedent by which the method of computation in this case should be governed.

In *Griffith* v. *Bogert,* 18 *How.* 158, a case on which much reliance was placed by the respondent's counsel on the

hearing, the court said : " It would be tedious and unprofitable to attempt a review of the very numerous modern decisions, or to lay down any rules applicable to all cases. Every case must depend on its own circumstances." It then proceeded to illustrate this view by saying that, when the construction of the language of a statute is doubtful, courts will always prefer that which will confirm rather than destroy any *bona fide* transaction or title; that the intention and policy of the enactment should be sought for and carried out, and that courts should never indulge in nice grammatical criticism of prepositions or conjunctions in order to destroy rights honestly acquired. That was a case where a sale had been made under execution of the lands in Missouri of a deceased debtor. The law of that state prohibited it from being done until after the expiration of eighteen months from the date of the letters of administration upon the estate of the debtor. The letters were dated on the 1st of November, 1819, and the sale took place on the 1st of May, 1821. It was held that, in computing the time, the *terminus a quo* should be included. The court said there was, in that case, no reason for departing from the general rule and popular usage of treating the day from which the term is to be calculated, or " *terminus a quo*," as inclusive; and, after stating the object of the legislature in making the provision, added : " The construction which would exclude the day of the date is invoked, not to avoid a forfeiture or confirm a title, but to destroy one obtained by a purchaser in good faith, under the sanction of a public judicial sale. If the statute in question were one of limitation, whereby the remedy of the creditor would have been lost unless execution had issued and sale been made within the eighteen months, probably a different construction might have prevailed." It will be seen, then, that the case furnishes neither rule nor precedent for the case in hand.

The object of the provision under consideration is obvious. It was to give to persons interested in contesting the admission of a will to probate, reasonable opportunity to do

so. The legislature regarded ten days from the death of the testator as reasonable time, and it intended that a caveat filed within the ten days should prevent the surrogate from admitting the will to probate. The language of the statute is so clear and explicit that there is, indeed, no room for any other than the most obvious construction. By the terms of the proviso in the act as it stood before the revision, a will could not lawfully be admitted to probate at an earlier day than the tenth after the day of the death of the testator. By the revision it is provided that a will shall not be admitted to probate until after the period of ten days shall have elapsed from the day of the death of the testator. In computing the ten days from the death, the day on which that event occurred is to be excluded. *Thorne* v. *Mosher*, 5 *C. E. Gr.* 257. The statute as it now stands revised, declares that the will shall not be admitted to probate until *after the ten days.*

In the case under consideration, the testator died on the 19th of the month. The 29th was ten days from that time. The will could not lawfully be admitted to probate until after the ten days; that is, it could not lawfully be admitted to probate until after the 29th. The admission of the will to probate on the 29th was, therefore, illegal, and the probate would, for that cause, in a proper proceeding, be set aside. *In re Little's will*, referred to in *Tenbrook* v. *McColm*, 5 *Hal.* 336.

This, however, is not a proper proceeding for the purpose. The application was made to the orphans court to set aside the probate and revoke the letters by means of a rule on the executrix to show cause, and not by appeal. The one hundred and seventy-fourth section of the orphans court act (*Rev.* p. 791) provides that proceedings of surrogates respecting the probates of wills shall be subject to appeal to the orphans court by any person interested, or other person representing him, and to proceedings thereon, as if the will had not been proved. The orphans court had no power over the subject of the application in question,

On admission to probate of the will of Edward Evans.

except when brought before it in the method provided by law—by appeal.

It was said, in *Quidort* v. *Pergeaux*, 3 *C. E. Gr.* 472, 477, that the proceedings of the surrogate, in admitting a will to probate, are those of a regularly-established court, and are to be treated accordingly, and that they can only be reviewed by appeal.

"If," said the court in *Ryno* v. *Ryno*, 12 *C. E. Gr.* 522, "the probate be irregular or voidable for any cause, the remedy is by appeal, or by proceeding for the revocation of the letters testamentary. The decree of the surrogate, until reversed, is both conclusive and final." The court, in that case, also said that, by the grant of probate, the power of the surrogate is exhausted, and his jurisdiction over the subject matter is at an end.

Whether the surrogate may review and set aside his decree when unlawfully made, as in the present case, and where it has been made through fraud or imposition practiced upon him, it is not necessary now to consider.

The appellant's counsel, to support the proceedings in this case, cited the case of *Morris* v. *Morris*, 1 *Harr.* 526, and the cases therein referred to. It is enough to say, in reference to them, that when the adjudications therein were made, there was no appeal from the surrogate to the orphans court in the matters which were the subject of those adjudications. And so, too, when the appeal in the matter of *Clement's Appeal*, 10 *C. E. Gr.* 508, was taken, no appeal had been given to the orphans court from the order of the surrogate granting letters of guardianship. Such appeal has since been given. (*Rev.* p. 791.)

The decree of the orphans court will be affirmed, with costs.