In the matter of the will of ANTHONY STRAUB, deceased.

Where no appeal has been taken from the surrogate's probate of a will, and the time limited by statute within which an appeal might have been taken has expired, an orphans court cannot, upon application directly to it, set the surrogate's probate aside.

On appeal from the Union county orphans court.

Anthony Straub was a resident of this state. He died at Elizabeth, in Union county, on the 7th of November, 1889, leaving a will. On the 18th of the same month, no caveat having been filed, his will was proved before the surrogate without notice to the next of kin. No appeal was taken from the surrogate's action, but in October, 1890, eleven months after the probate, Barbara Scharer, a sister of Straub, applied to the orphans court of Union county to set the surrogate's probate aside, because, as she alleged, the will was the product of fraud and undue influence upon the testator. The orphans court granted an order to show cause why the prayer of the petitioner should not be granted, and, upon argument, discharged that order. From the order discharging the order to show cause this appeal is taken.

*Mr. Joseph F. Randolph*, for the appellant.

*Mr. Frederick C. Marsh*, for the appellee.

THE ORDINARY.

The single question presented upon this appeal is whether an orphans court, upon a direct application to it, can set aside a surrogate's probate after the time limited by statute for appeal to it has expired.

The surrogate's probate was a judicial act, and, as such, is conclusive until it shall be vacated, either through appeal or by proceedings in direct attack upon it. *Quidort's Admr.* v. *Pergeaux, 3 C. E. Gr. 472, 477; Ryno's Exr.* v. *Ryno's Admr., 12 C. E. Gr. 522.* It is urged that this application to the orphans court

·is a direct attack upon the probate; that it offers a dispute; that the surrogate is without jurisdiction when disputes respecting wills arise (*Rev. p. 755 § 14*), and hence that it is properly made to the orphans court.

I do not think that this is a correct exposition of the meaning of our law.

The orphans court has general jurisdiction over subjects pre-scribed by the statutes of which it is the creature (*Den.* v. *Ham-mel, 3 Harr. 73; Pyatt* v. *Pyatt, 1 Dick. Ch. Rep. 285*); but control of judgments of the surrogate is not one of those subjects except it be accomplished through review upon appeal. When the time within which appeal may be taken has elapsed, the judgment is a finality until it be disturbed by a direct attack upon it, which should originate before the surrogate. *In re Evans, 2 Stew. Eq. 571, 574.* Any other construction than this would render that provision of the statute which limits the time within which an appeal must be taken, meaningless; for, if at any time application might be made to the orphans court to set the surrogate's probate aside because of fraud or undue influence upon the testator, what use would there be for appeal? Such an application would effectuate all the purposes of an appeal.

There are two methods of obtaining probate known to the practice of the English ecclesiastical courts—one in common form, and the other in solemn form or *per testes.* The proof is said to be in common form when the executor presents the will for probate in absence of the parties in interest (to be affected by the probate), and, without citing them, proceeds *ex parte* with his proof, and it is said to be in solemn form when those in interest are cited to be present at the probation or approbation of the will. When a will is proved in common form, the court, at any time within thirty years after probate, may require the executor, of its own motion or at the instance of the next of kin or other person interested, to prove the will in solemn form. *1 Wms. Exrs. 334 et seq.; Waters* v. *Stickney, 12 Allen 4.* This practice is not a hardship upon the executor, for it is within his power, and a dictate of ordinary prudence, in the first instance, if there be doubt as to the propriety or security of probate in common

form, to seek probate in solemn f,rm, causing those in interest to be cited and therefore bound by the adjudication. If it was the appellant's design to pursue this practice in the application now reviewed, and have the will of Mr. Straub proved in solemn form, she has failed. Her application should have been made to the surrogate, for it is substantially an application to reprove the will; a method of direct attack upon a probate previously had by proof in common form. Over such an application the orphans court obtains its jurisdiction through the surrogate. Such jurisdiction springs from an issue suggested in a proceeding which originates before the surrogate. The statute does not contemplate that application for probate shall in any case be made to the orphans court. That court, so far at least as matters of probate are concerned, is merely the trial tribunal of issues suggested before the surrogate. The petition should not be to set aside the probate, but to reprove the will in solemn form. Such proof is denominated, in the books, "contentious business." It premises controversy, and, upon the presentation of a petition for it to the surrogate, a controversy would arise, and then, under our statute, it would become the duty of the surrogate to cite the parties in interest, including the executor, to appear before the orphans court in order that the executor might there proceed, in the presence of the parties cited, if they should appear in answer to the citation, to prove the will in solemn form. I think this application is erroneous, and that the order to discharge the order to show cause was properly made. I will affirm the order.