WILLIAM McCORMACK et al.

*v.*

BRIDGET BURNS.

[Decided September 20th, 1918.]

1. The court of chancery has no jurisdiction to try a case involving fraud in the procurement of a will, or irregularities in the execution of the same, especially where the property involved is personal property.

2. The rule that equity will entertain a suit to set aside a judgment obtained by fraud, is subject to exception in the case of a decree admitting a will to probate.

On bill, pleadings and testimony.

*Mr. John F. Gough,* for the complainants.

*Mr. Charles Young,* for the defendant.

LEWIS, V. C.

The bill in this cause prays that a decree may be made that a certain paper-writing admitted to probate by the surrogate of Hudson county is not the last will and testament of Hanorah McCormack, deceased, and was contrived by the defendant in fraud of the decedent and the complainants, and that the letters of administration with the will annexed were obtained by the defendant in fraud of the complainants, and that the defendant be restrained and enjoined from setting up in any court or in any jurisdiction whatsoever, and from using in any manner, for any purpose, the order and decree of the surrogate admitting the paper-writing to probate, and granting administration upon the estate of the decedent, and from using in any manner the letters of administration granted to her by the surrogate, and that she be directed to account to such administrator as may be appointed of the estate of the decedent for whatever personal property of the decedent may have come into her hands.

The conclusion that I have reached is that this bill must be dismissed. The proofs submitted satisfy me that the complainants could not prevail, even if this court had jurisdiction to try the questions at issue, as I am satisfied that there was no fraud in the procurement of the will, nor do I think that the will was improperly executed. But, as I am satisfied that this court has no jurisdiction to try cases involving fraud in the procurement of a will or irregularities in the execution of the same, the bill will be dismissed for that reason.

The cases which will be cited make this so clear that I do not think there is any necessity for going into the matter at any very great length.

Where a will is admitted to probate by the surrogate the parties interested have three months in which to appeal to the orphans court if they are residents of this state, and six months if

non-resident. If they do not appeal within that time there is no remedy, so far as I can discover, as it has been held that the surrogate cannot, under any circumstances, reopen or vacate his decrees. If the will should be probated in the prerogative court, probate in solemn form may be allowed and the probate set aside on sufficient cause being shown. This may be done in the prerogative court, even though years may have elapsed since the will was admitted to probate in common form. But this is not true where the will is admitted to probate by the surrogate.

For over a hundred years it has been the settled law of England and of this country that courts of equity have no jurisdiction in cases of fraud in the procurement of wills. The origin of the rule seems to have been that the ecclesiastical courts had full jurisdiction, and the courts of equity would not assume jurisdiction for that reason. Courts of equity have jurisdiction in all questions of fraud unless there is a complete and adequate remedy at law, except in this particular instance. When the courts of equity finally decided that jurisdiction in such matters was vested solely in the ecclesiastical courts, it must be remembered that proof in solemn form might be asked thirty years after the will had been admitted to probate. That was a very different thing to the limitation now imposed of three to six months where the will has been admitted to probate by the surrogate. Some courts have tried to find a way out of the dilemma by holding the parties guilty of fraud in the procurement of the will, and who thereby became beneficiaries, trustees for the parties injured thereby. In the case of *Mellor* v. *Kaighn, 89 N. J. Law 543,* the opinion of the court of errors and appeals suggests, *obiter dictum,* that in such cases there may be a remedy in equity.

The legislature, in 1917, passed an act which read as follows:

"1. The surrogates of the several counties of this state are hereby given the power and authority to open, vacate, modify or set aside, or to enter as of a former time, a decree or order made in their court; or to grant a new trial or a new hearing for fraud, newly-discovered evidence, clerical error or other sufficient cause. The powers and authority conferred by this act must be exercised only in a like case and in the same manner as a court of record and of general jurisdiction exercises the same powers.

"2. This act shall take effect immediately.

"Approved March 26, 1917."

It may be that under this act the complainants, if they succeeded in establishing fraud in the procurement of this will, might find their remedy; but I am not called upon to pass on the question of whether, in this case, they can take advantage of that act, or whether it would be constitutional to allow them to do so.

In *Knikel* v. *Spitz, 74 N. J. Eq. 581,* the court said:

"This court has no jurisdiction to decree the will void. Fraudulent wills constitute the great exception to the jurisdiction of courts of equity arising from fraud."

*Bisp. Eq. (5th ed.)* § *199,* lays down the same rule; and the doctrine is well stated in *1 Schoul. Wills (5th ed.)* § *223.*

The property involved in this suit, it should be mentioned, is personal property. Of course, if it were real estate, there would be a remedy in case of fraud in the procurement of the will, by proceedings in the law courts.

It is a well-recognized rule that equity will entertain an action to set aside a judgment which has been obtained by fraud. The rule has a well-recognized exception, however, that seems quite clearly established. This is, that equity will not set aside the decree of a probate court admitting a will to probate, on the ground that such probate was obtained by fraud. The reason for the exception is not entirely clear, but it seems to be held to result in some way from the exclusive jurisdiction which probate courts have over the probating of wills. *Holden* v. *Meadows, 31 Wis. 284; In re Whitehead's Estate, 94 Atl. Rep. 796; Mellor* v. *Kaighn, 89 N. J. Law 543; Vincent* v. *Vincent, 70 N. J. Eq. 272.*

I, therefore, feel compelled to advise a decree that the bill be dismissed for lack of jurisdiction.