In the matter of the appeal from the decree of the orphans court of the county of Camden dismissing the appeal from the order of the surrogate setting aside the probate of the last will and testament of FREDERICK G. FRANK, deceased.

[Submitted June 6th, 1921.    Determined July 21st, 1921.]

Under *3 Comp. Stat. p. 3888 §§ 201, 202, 203,* the orphans court is without jurisdiction to entertain an appeal by a decedent's widow from an order of the surrogate revoking and setting aside his decree admitting decedent's will to probate, together with the letters issued thereon. on the ground that the decedent was a resident of another state at the time of his death. Any appeal from such order of the surrogate should have been to the prerogative court.

On appeal from a decree of the orphans court of Camden county.

November 4th, 1918, the surrogate of Camden county admitted to probate the last will and testament of Frederick G. Frank and issued letters of administration *cum testamento annexo* to Anna C. Frank, the mother of the deceased. The order of probate was based upon the ordinary proofs contained in a verified petition filed by the said Anna C. Frank, which petition contained, among other things, the statement that the residence of the deceased was in Camden county at the date of his death.

November 26th, 1918, Esther Frank, widow of the deceased, filed a petition with the surrogate of Camden county praying for revocation of the probate on the ground that the averments contained in the petition of the mother of testator to the effect that decedent was a resident of this state at the time of his decease

were false; that at the time of his death decedent was a resident of Philadelphia, Pennsylvania; that the averments of the petition touching the residence of decedent were fraudulently made for the purpose of avoiding probate in the State of Pennsylvania where the laws were less favorable to the petitioner.

November 26th, 1918, an order was made by the surrogate requiring the persons in interest to appear before him on a date named and show cause why the probate of the will should not be revoked and the letters of administration *cum testamento annexo* issued thereon set aside.

After refusing a motion to dismiss the petition for revocation the surrogate heard the testimony of witnesses touching the charges contained in the petition, and on January 22d, 1919, entered an order which recited, among other things, that the proofs established that decedent was a resident of Pennsylvania at the time of his death, and that the court was induced to exercise jurisdiction of probate by reason of the statements contained in the petition for probate and in the affidavit verifying the same that decedent was domiciled in the State of New Jersey; it was accordingly ordered that the decree admitting the said will to probate and the letters issued thereon to Anna C. Frank be "revoked, set aside, made null and void and for nothing holden."

From that order an appeal was taken to the orphans court.

December 23d, 1920, the orphans court made an order dismissing the appeal on the ground that the court was without jurisdiction to entertain the appeal.

From that order of the orphans court an appeal has been taken to this court.

*Mr. Joseph Beck Tyler*, proctor for Annie C. Frank, appellant.

*Mr. D. Trueman Stackhouse*, proctor for Esther Frank, respondent.

LEAMING, VICE-ORDINARY.

The single question which has been presented to this court for consideration herein is whether an appeal could be taken to the orphans court from the order of the surrogate revoking the

order of probate and the letters issued by him thereon. The orphans court held, and respondent in this appeal contends, that any appeal from that order should be to the prerogative court.

Prior to the act of March 26th, 1917 (*P. L. 1917 p. 293*), the surrogate could not entertain a petition to vacate an order of probate which had been made by him. *Mellor* v. *Kaighn, 89 N. J. Law 543.* It is here conceded that that act conferred that power.

The provisions of the revised Orphans Court act of 1898, touching appeals from the surrogate (*P. L. 1898 pp. 715, 793*), are sections 201, 202 and 203 of *3 Comp. Stat. p. 3888.* Section 201 relates to "proceedings of a surrogate in proving an inventory or granting letters of administration or of guardianship." The appeal there given is to the orphans court. The learned judge of the orphans court held that the provisions of that section were inapplicable to the appeal. Section 202 provides:

"Proceedings of surrogates respecting the probate of wills shall be subject to appeal to the orphans court by any person interested, or other person legally representing him, and to proceedings thereon, as if the will had not been proved."

This section was held by the orphans court to relate only to cases in which probate had been granted by the surrogate. Section 203 provides: "All proceedings of surrogates, from which an appeal is not provided for in the last two sections, shall be subject to appeal to the prerogative court," &c. It was accordingly held by the orphans court that any appeal in this matter should have been to the prerogative court.

The contention of the parties herein has been thus directed to the inquiry whether the provisions of section 202 embraces only cases in which the surrogate has affirmatively granted probate, or whether the provisions also contemplate cases in which he has denied probate either in the first instance or by a subsequent order of revocation.

It is pointed out in the matter of *Coursen's Will, 4 N. J. Eq. 408* (at *p. 414*), that prior to the act of December 16th, 1784, establishing the orphans court (*Pat. L. p. 59*), the jurisdiction

exercised by the ordinary's surrogates not only included granting probate of wills but also hearing and deciding disputes touching their validity and disputes touching the right of administration, and that the act of 1784 in creating the orphans court transferred from the surrogates to the orphans court the powers theretofore exercised by the surrogates in hearing and determining such disputes. By section 15 of that act it is provided that surrogates shall take the depositions to wills, &c.,

"in cases only where no difficulty, objection or dispute shall arise thereon, but in all cases whatsoever where doubts arise on the face of a will, or a caveat is put in against proving a will, and wherever disputes happen respecting the existence of a will, the fairness of an inventory or the right of administration, the surrogate shall issue citations"

to the orphans court, "and all proceedings of surrogates, not brought as aforesaid before the orphans court, shall in like manner be subject to appeal to the prerogative court." No appeal was given in any case from the surrogate to the orphans court.

It seems impossible to conclude that under that statute the appeal contemplated from the surrogate to the prerogative court in matters of probate of wills included only orders affirmatively granting probate. The surrogate was privileged to deny as well as to grant probate, and the language of the act gave an appeal to the prerogative court from "all proceedings of the surrogates, not brought as aforesaid before the orphans court"—that is, not sent to the orphans court by citations issued by the surrogate in cases in which "doubts arise on the face of the will, or a caveat is put in against proving a will, or in which disputes happen respecting the existence of a will." The petition for probate, and its accompanying proofs, might well be inadequate in many respects; such petition or proofs might even disclose that deceased was a non-resident. In such circumstances the surrogate who holds a regularly established court and exercises judicial functions (*Mellor* v. *Kaighn, supra; In re Whitehead's Estate, 85 N. J. Eq. 114; Crawford* v. *Lees, 84 N. J. Eq. 324, 338*) would necessarily adjudicate the matter of his own jurisdiction and deny probate, and from that determination an appeal would clearly lie to the prerogative court under the broad and compre-

hensive language of the act above quoted. *Plume* v. *Howard Savings Institution, 46 N. J. Law 211; Crawford* v. *Lees, supra.*

The Orphans Court act of June 13th, 1820 (*Rev. 1821 p. 776*), contains essentially the same provisions, the language of section 21 being that

"all proceedings of surrogates, not brought as aforesaid before the orphans court, shall, in like manner, be subject to an appeal to the prerogative court by any persons interested, or other person legally representing them."

The revised Orphans Court act of April 16th, 1846 (*Rev. Stat. p. 205*), in section 16 adopts the same language above quoted, giving an appeal to the prerogative court from "all proceedings of the surrogates not brought as aforesaid before the orphans court"—that is, not brought before the orphans court by citations in cases of doubts on the face of the will, caveats filed or disputes respecting the existence of a will.

This right of appeal to the prerogative court from all proceedings of surrogates not brought to the orphans court by citations appears to have remained unchanged by legislation until the act of March 17th, 1855. *P. L. 1855 p. 342.* By section 2 of that act an appeal to the orphans court was given to any person aggrieved by any order or proceeding of a surrogate in proving an inventory or granting letters of administration. The language of this section clearly includes only the affirmative action of the surrogate in proving an inventory or granting letters. Section 11 of that act provides:

"That all proceedings of surrogates respecting the probate of a will of a person dying after this act takes effect, and not brought before the orphans court by virtue of the sixteenth section of the act to which this is a supplement [section 16 of the act of April 16th, 1846, above quoted], shall be subject to an appeal to the orphans court by any person interested, or other person legally representing him, and to proceedings thereon as if the will had not been proved."

While the previous legislation already referred to touching appeals from the surrogate to the prerogative court contained no expressions in any way suggesting restrictions or limitations to its operation, the concluding language of section 11 of the act of

1855, in harmony with section 2 of that act, is quite to the contrary. Standing alone, the expression "proceedings thereon [in the orphans court] as if the will had not been proven" clearly contemplates an appeal from an affirmative order of probate made by the surrogate, and I think it also appears reasonably obvious from a consideration of the entire act that the legislative intent here disclosed is to afford an appeal to the orphans court from orders of probate only, notwithstanding the generality of the previous words "all proceedings of surrogates respecting the probate of a will." A denial of probate by the surrogate based upon non-residence of the deceased might appropriately be considered as "proceedings of the surrogate respecting the probate of a will," but the subsequent direction that in the exercise of the appellate jurisdiction of the orphans court conferred by that section that court should proceed "as if the will had not been proven," especially when the section is considered in connection with section 2 of the act, clearly manifests a legislative intent that the appellate jurisdiction there conferred upon the orphans court was only in cases in which the surrogate had granted probate. Considering the section as one conferring an appellate jurisdiction not theretofore existing, and also as creating that jurisdiction in connection with the second section of the same act which beyond the field of all possible doubt only authorized appeals to the orphans court from affirmative orders of the surrogate granting letters of administration and proving inventories, it seems impossible to recognize a legislative intent extending beyond the scope already stated.

This statute of 1855 remained unchanged until the revision of the Orphans Court act of March 27th, 1874. *Rev. of N. J. p. 753.* In that revision the language of the second section of the act of 1855 was re-enacted. The provisions of the eleventh section of the act of 1855 were, in substance, adopted in the revision of 1874 in the following language:

"Proceedings of surrogates respecting the probate of wills shall be subject to appeal to the orphans court by any person interested, or other person legally representing him, and to proceedings thereon, as if the will had not been proved."

A third section touching appeals was added in the revision of 1874 as follows:

"All proceedings of surrogates, from which an appeal is not provided for in the two last sections, shall be subject to appeal to the prerogative court by any persons interested, or other person legally representing them."

This section appears to have originated in that revised act This new section appears to measurably give recognition to the view that only affirmative orders of the surrogate were contemplated by the preceding sections.

These three sections last referred to were retained in the same terms in the revised Orphans Court act of 1898 (*P. L. 1898 pp. 715, 793*) and are the three provisions now in force touching appeals from surrogates, and are sections 201, 202 and 203 of *3 Comp. Stat. p. 3888*, as already stated.

A decree will be advised affirming the decree entered in the orphans court.