ESSEX COUNTY SURROGATE'S COURT.

IN THE MATTER OF THE ESTATE OF CATHERINE CROCIANI, DECEASED.

Decided October 7, 1930.

For Julio Crociani, *J. Spielman* and *J. Randolph Woodruff*.

For Tony Marinari et al., *Haines & Chanalis (Patrick J. Maloney)*.

On June 6th, 1930, Catharine Longinotti, also known as Katie Longinotti or Catherine Crociani, died. On June 11th, 1930, Julio Crociani applied to the surrogate for letters of administration, alleging that he was her husband, and pursuant to his application, letter of administration were duly issued to him by the surrogate of Essex county. On June 25th, 1930, Tony Marinari, a brother of the decedent, filed a petition with the surrogate, asking revocation of the letters of administration issued to Julio Crociani, alleging in said petition that Julio Crociani was not the husband of the decedent, and that he had obtained the letters of administration by fraudulent representation to the surrogate that he was her husband.

This petition was filed with the surrogate, pursuant to chapter 133, page 293 of the laws of 1917 (*Cum. Supp. Comp. Stat., pp.* 146, 208), which statute provides, among other things, that the surrogates of the several counties are given the power and authority to open, vacate, modify, or set aside a decree or order made in their court; or to grant a new

trial or a new hearing for fraud, newly discovered evidence, clerical error, or other sufficient cause.

Following the filing of such petition, a day was fixed for the hearing of the matter and citations were duly issued. The hearing consumed three days. No objection was made by Julio Crociani as to the jurisdiction of the surrogate on the first day of said hearing, but on the second day an informal objection was made by him as to such jurisdiction. Upon the conclusion of the case this objection was renewed and argued. Each party has filed briefs concerning the jurisdiction of the surrogate and this phase of the case is being decided before the merits of the case are determined by the surrogate.

(1) The respondent, Julio Crociani, asserts that the surrogate is without jurisdiction under the statute of 1917 because the petition for revocation was filed within twenty days from the date of the issuance of the letters of administration and that within that period of time the petitioner had a right of appeal from the decree of the surrogate to the Orphans Court. It is further asserted that the purpose of the act of 1917 is solely to permit the surrogate to correct or remedy a situation occasioned by fraud or other sufficient cause where the aggrieved party has no other remedy, and that, if other remedy can be had by the aggrieved party, the surrogate is without jurisdiction.

The statute itself contains no such limitation; it is general in its wording. It merely provides that the surrogate may set aside a decree or order in his court for cause. No limitation of time is made as to when an application for such revocation shall be made. While it is true that the petitioner had a right of appeal to the Orphans Court from the decree of the surrogate for twenty days after June 11th, it also appears from the wording of the statute that he might likewise petition the surrogate himself to revoke the decree. In other words, it seems from the wording of the statute that the jurisdiction of the Orphans Court on appeal and of the surrogate for revocation of the decree is concurrent and not exclusive within that period of time.

In November, 1916, the Court of Errors and Appeals of New Jersey decided the case of *Mellor* v. *Kaighn*, 89 *N. J. L.* 543; 99 *Atl. Rep.* 207, and in this case the court held that when a surrogate grants a decree of probate of a will, his power is exhausted and he cannot open or vacate his decree for any cause, the only remedy being an appeal to the Orphans Court. Prior to this decision it had been generally assumed that the surrogate held a regularly established court and had power to open, modify or vacate any decree which he had made for fraud, mistake, or other sufficient cause. *Steele* v. *Queen*, 67 *N. J. L.* 99 ; 50 *Atl. Rep.* 668; *Crawford* v. *Lees*, 84 *N. J. Eq.* 324; 93 *Atl. Rep.* 201. Following the decision in the case of Mellor *v.* Kaighn, the legislature enacted the statute of 1917, which specifically grants to the surrogate the power to open, vacate, or set aside a decree or order made in his court.

While the validity of the statute of 1917 has never been directly adjudicated, the statute has been mentioned in the cases of *McCormack* v. *Burns*, 89 *N. J. Eq.* 274; 105 *Atl. Rep.* 70, 71, and *In re Frank's Will*, 93 *N. J. Eq.* 405; 114 *Atl. Rep.* 857. In the McCormack case, application was made to the court of equity to set aside a decree of probate on the ground of fraud. Vice-Chancellor Lewis held that a court of equity had no jurisdiction to try cases involving fraud in the procurement of a will, but he said: "It may be that under this act (1917 statute) the complainants, if they succeeded in establishing fraud in the procurement of this will might find their remedy; but I am not called upon to pass on the question of whether, in this case, they can take advantage of that act, or whether it would be constitutional to allow them to do so."

In the case In re Frank's Will, the question determined was whether an appeal should be taken to the Orphans Court or to the Prerogative Court from an order of the surrogate revoking his decree of probate and the letters issued thereon, which revocation by the surrogate was made under the statute of 1917. Vice-Chancellor Leaming says: "Prior to the act of March 26th, 1917 (*Pamph. L.* 1917, *p.* 293), the surro-

gate could not entertain a petition to vacate an order of probate which had been made by him. *Mellor* v. *Kaighn, supra;* 99 *Atl. Rep.* 207. It is here conceded that that act conferred that power."

(2) From the above two cases, it thus appears that Vice-Chancellor Lewis did not consider the validity or constitutionality of the act of 1917, and that Vice-Chancellor Leaming conceded that the act conferred the power stated therein upon the surrogate. Under article 6, section 4, paragraph 2 of the constitution of 1844, the surrogate was made a constitutional officer. This made him an independent officer whose duties are prescribed by the legislature. His jurisdiction is statutory and extends to such matters as are specifically mentioned in statutes passed by the legislature. His power and duties are now devolved and provided for in the Orphans Court act (3 *Comp. Stat.* 1910, *p.* 3809 *et seq.*), of which the statute of 1917 is a supplement. *Mellor* v. *Kaighn,* 89 *N. J. L.* 543, 546; 99 *Atl. Rep.* 207. It is clear, therefore, that by virtue of the statute of 1917, the surrogate has full power to set aside, modify, or revoke a decree made by him.

*In the Matter of Clement's Appeal,* 25 *N. J. Eq.* 508, the Prerogative Court held that the Orphans Court had power to revoke letters of guardianship issued by the surrogate where such letters were obtained by fraud or misrepresentation. It would thus appear that a decree of the surrogate may be set aside by him by virtue of the statutory power conferred upon the surrogate, or may be set aside by the Orphans Court under its general powers.

In this case, the petitioner, on June 25th, 1930, had the option of an appeal from the decree of the surrogate to the Orphans Court of Essex county, or of a petition to the surrogate to revoke the letters of administration which had been issued to Crociani. If the argument of Crociani that the appeal to the Orphans Court was at that time the only remedy open to the petitioner should be sustained, the petitioner has no remedy, because the time for such an appeal has long since elapsed. The very purpose of the statute of

1917 was to enable the surrogate to revoke a decree which had been obtained for fraud, or through some other mistake or error. If the proofs in this case show the existence of fraud or misrepresentation in obtaining the decree from the surrogate, the surrogate retains jurisdiction to set aside his former decree and to correct the error made by the presentation of such fraudulent misrepresentation. It is therefore held that within the period of twenty days, after the decree of the surrogate, the Orphans Court can obtain jurisdiction of the matter by an appeal, or the surrogate may, under the statute of 1917, upon proper application and proofs, set aside his decree and, after that period of twenty days during which an appeal could be made to the Orphans Court, the surrogate then retains jurisdiction to cure an error or mistake made by virtue of his former decree.

It is therefore held that, in this case, the surrogate has jurisdiction to hear and determine the matters brought before him upon the petition to revoke and set aside the decree for letters of administration heretofore granted to Julio Crociani upon the estate of the decedent.

ANDREW J. WHINERY,
*Surrogate.*