Two interlocutory orders were made and entered in this matter on June 28th, 1943. One of the orders permitted the parties, appellant, and respondent, to take testimony before a special master therein named upon particular specified points. Prerogative Court rules 93 and 100. Rule 93 provides, in part:
* * * "that this court may, in its discretion, permit additional testimony not available in the Orphans Court, to be adduced in the Prerogative Court upon particular specified points."
Rule 100 makes the practice, procedure and rules of the Court of Chancery applicable to the Prerogative Court in cases not covered by the rules of the latter court.
The points upon which the parties were given leave to take testimony were particularly specified in said order, and the order was made in the discretion of the court.
The order was supplemental to the order of October 22d 1942, giving permission to the appellant, Italia Tanga, "to take testimony in this matter for the purpose of completing the record for appeal, and the court does hereby appoint Edmund S. Johnson, Special Master of this Court, for the purpose of taking said testimony at a time and place to be fixed by him." The petition of appeal had alleged that the appointment of the respondent, Pasquale Criscitiello, had been "obtained through fraud and by improper acts and without notice, and by failure to disclose information concerning next of kin of the deceased."
The other order of the same date, entitled "Order Denying Motion" denied the respondent's application for an order to dismiss the petition of appeal filed herein on the grounds that the appellant had failed to deposit with the register $100 for the costs of appeal, and failed to take proper means to secure an adequate transcript of the evidence below, c. This court, however, in said last mentioned order continued under advisement the respondent's motion of May 18th, 1942, for a dismissal of the petition of appeal on the grounds therein recited. *Page 36 
At the time the aforesaid orders were made on June 28th, 1943, the appellant had made the deposit with the register to secure the costs of appeal, and this court had previously made an order "that the time for filing the transcript be extended until said transcript has been furnished by the surrogate of Hudson County."
The court, in so adjudicating, was exercising a discretion permitted by Prerogative Court rules 102 and 103. In re Casey,127 N.J. Eq. 101; 11 Atl. Rep. 2d 38.
The relationship of the parties to the decedent and to her adopted daughter, is somewhat involved. The appellant claims that she is the next of kin of the decedent, Fiorentina De Pascale, and the respondent that he is the natural brother of the adopted child of the said decedent. In addition thereto, the appellant claims that the grant of letters of administration and of guardianship were obtained without notice to her and through fraud practiced upon the surrogate by the respondent.
With the testimony as to the relationship of the parties to the decedent and to the adopted minor, and the proceedings had before the surrogate before it, the court will then be informed sufficiently to enable it to rule on the respondent's motion of May 18th, 1942, for a dismissal of the appeal.
The orders appealed from are merely interlocutory, the merits of the appeal not yet having been determined.
The right of the Prerogative Court to appoint a special master in Chancery to take testimony was decided in the affirmative inIn re Herbert's Estate, 192 Atl. Rep. 39, where the same question was raised. Vice-Ordinary Egan held that a Vice-Ordinary could advise an order of reference of matters appearing before the Prerogative Court to a Master in Chancery to take testimony and report thereon to the court. No appeal seems to have been taken from this ruling, although a connected case went to the Court of Errors and Appeals. In re Herbert's Estate,23 Atl. Rep. 2d 572.
There appears to be a dispute between the parties as to whether the Hudson County Orphans Court made an order or just rendered an opinion that it would not entertain an appeal *Page 37 
in the instant case from the action of the surrogate in refusing to revoke his appointment of the respondent as administrator and guardian, but there was an order entered by the surrogate refusing to revoke the aforesaid appointment.
An appeal lies direct to the Prerogative Court from the refusal of the surrogate of Hudson County to revoke his order appointing Pasquale Criscitiello, the administrator of the estate of Fiorentina De Pascale and guardian of the adopted daughter, Livia I.T. De Pascale, a minor, R.S. 2:31-92. In In re Frank,93 N.J. Eq. 405, Vice-Chancellor Leaming held that an appeal by a decedent's widow from an order of the surrogate revoking and setting aside the decree admitting decedent's will to probate, should have been made to the Prerogative Court. The appeal in the instant case is from the refusal of the surrogate to revoke his order, but the principle of the cited case is applicable. *Page 38