This is an appeal from an order of the Prerogative Court denying allowance of an order to show cause and dismissing a petition which prayed its allowance for want of jurisdiction. Henry Schott and Theresa, his wife, by petition to the Prerogative Court, sought to have annulled an order of the surrogate of Essex County, admitting to probate the codicil to the will of Lillian B. Plemenik. They charged that the codicil was the result of undue influence exercised by the proponent, Henry Pomerehne, a member of the bar, and ask that his letters of administration, said to have been procured by perpetrating a fraud on the surrogate, be canceled. There is further prayer that the executor be required to probate the codicil anew, in solemn form, before the Ordinary; that an administrator pendente lite
be appointed, and that Pomerehne, who is the named executor, be restrained in the meantime from further acts in the administration of the estate. Thus it is clear that the petitioners invoked the Prerogative Court for a two-fold purpose: first as an appellate tribunal to vacate an order of probate made by the surrogate; then for the exercise of its original jurisdiction in the matter of presiding over a probate of the codicil in solemn form.
The petition stated that the testatrix died on September 22d 1943; that she was seventy-two years of age; that a will had been executed by her on June 24th, 1942, wherein *Page 383 
she devised her "house and lot known as 35 Lehigh Place, Irvington, N.J., * * *" to the petitioners, who had been tenants thereof for a long time and who for many years enjoyed her affection and friendship and on whom they bestowed great care and attention and at whose request services had been performed for her sister; that under the will the residue of the estate, after certain small bequests, was left to Henry Pomerehne, testatrix' lawyer, who also was designated executor; that he had been her lawyer since 1941. The will had been prepared by Pomerehne and its execution supervised by him; the attesting witnesses were Frederick G. Kautz, his law partner, and Evelyn Ward (who later became Mrs. Kautz), a secretary or stenographer in the firm's employ. The petitioners do not complain about the will but only the codicil of October 14th, 1942, by which the devise to the petitioners was revoked and made over to Pomerehne. Indeed, by the codicil, in addition to what was provided for him in the will, virtually the entire estate of Mrs. Plemenik goes to Pomerehne except the sum of $1,500 reserved to a cemetery corporation for the perpetual care of the burial plots of the testatrix and her deceased sister. The petitioners charge that the codicil is the result of Pomerehne's mental ascendency over the testatrix, which amounted to undue influence. The codicil was witnessed by the same Miss Ward who had witnessed the will and a Mr. Brody. The petitioners charge that they were kept in the dark about the existence of the codicil which deprived them of the real property although their intimate relationship with the testatrix continued until her death.
We must, for present purposes at least, assume that the matters set forth in the petition are true and grant relief to the petitioners if in these facts and circumstances there was power in the Prerogative Court so to do.
The order of the surrogate admitting to probate the will and codicil was dated October 4th, 1943. The petition to the Prerogative Court was filed not earlier than March 3d 1944. The exact date does not appear. Our pertinent statute, R.S. 3:2-52, provides that "proceedings of surrogates respecting the probate of a will shall be subject to appeal to the Orphans *Page 384 
Court by any person interested * * * as if the will had not been proved; but such appeal shall be made within three months after such proceedings, before the surrogate, or within six months after such proceedings in cases where the person appealing resides out of this state at the death of the testator."
The petitioners were residents of the state; an appeal to the Orphans Court from the order of the surrogate should have been taken, if relief was to be had, within three months after such proceedings. No appeal was taken to the Orphans Court. The petition filed in the Prerogative Court was attacked by the proponent of the will and codicil on jurisdictional grounds. The Vice-Ordinary, being of the view that he lacked jurisdiction, refused an order to show cause and dismissed the petition, his decree providing that the "Surrogate's Court of the County of Essex is the proper tribunal to hear said cause" (Cf. R.S.2:31-4). The learned Vice-Ordinary was entirely correct in holding that there was no jurisdiction in the Prerogative Court under the facts and circumstances of this case.
It is argued here by the appellants, in justification of the practice followed, that the statute, R.S. 2:31-4, "could not divest the Prerogative Court of its inherent jurisdiction." This statement begs the question. The Prerogative Court, under the facts exhibited here, has no such jurisdiction as the appellants claim for it. While the Ordinary may require a will proven before him in common form and by him admitted to probate, to be reproven before him in solemn form (Cf. Will of Hodnett, 65 N.J. Eq. 329), that is a far cry from invoking, as do these petitioners, the exercise of a like power on the part of the Ordinary over an order of probate and grant of letters testamentary made by a surrogate; and further the exercise of the power is sought after the statutory period of appeal from the action of the surrogate has expired. In re Whitehead's Estate, 85 N.J. Eq. 114, 116;affirmed, 86 N.J. Eq. 439.
The proceeding before a surrogate, in admitting a will to probate, is judicial in essence — indeed a surrogate in those cases of probate and administration in which he has authority to act has concurrent jurisdiction with the Ordinary who has *Page 385 
complete, original jurisdiction in all cases of probate and administration — and may be reviewed only by appeal. It may never be assailed or impeached collaterally. (Compare In re Evans,29 N.J. Eq. 571.)
The two objects of the petition were: (1) the vacation of the surrogate's decree admitting the codicil to probate; (2) the proving of the codicil in solemn form before the Ordinary. Under our law it is conceded that the surrogate was authorized, under the circumstances then present, to admit the will and codicil to probate and grant letters testamentary thereon (Cf. R.S.3:2-22); and this was done. The Ordinary, too, had like authority, for the Prerogative Court is a court of state-wide original jurisdiction. But the surrogate having acted, the Prerogative Court has no jurisdiction to entertain proof of a will in solemn form as a mechanism for setting aside a decree of probate of a surrogate who has acted within his original jurisdiction. In re Whitehead's Estate, supra.
The Orphans Court is the appellate tribunal to review certain proceedings by a surrogate among which are the probate of wills and grant of letters of administration, (Cf. R.S. 2:31-90;3:2-52; compare 2:31-92); and the Prerogative Court is the appellate tribunal to review any order or decree of the Orphans Court (Constitution, article 6, section 4, paragraph 3; R.S.2:31-93). It follows, from the provisions of our statutes,supra, and the cases which have been cited, that the Prerogative Court does not have the hybrid jurisdiction claimed for it by the appellants.
The remainder of the appellants' argument seems to consist of a series of misgivings about the efficacy of the statute, R.S.2:31-4, to grant adequate relief in the present case. However that may be, it is clear that after the decision of this court inMellor v. Kaighn, 89 N.J. Law 543 (November, 1916), wherein it was held that when a surrogate grants probate of a will his power is exhausted, his jurisdiction over the subject-matter ended, and he cannot open or vacate his decree for any cause, the legislature, at its ensuing session, passed an act (chapter 133,P.L. 1917 p. 293, now R.S. 2:31-4) extending the authority of surrogates quite materially in their judicial field. This statute reads: *Page 386 
"2:31-4. The surrogates of the several counties shall have power and authority to open, vacate, modify or set aside or to enter as of a former time a decree or order made in their court, or to grant a new trial or a new hearing for fraud, newly discovered evidence, clerical error or other sufficient cause, but only in like case and in the same manner as a court of record and of general jurisdiction exercises the same powers."
For reasons satisfactory to themselves the appellants did not invoke this statute (Cf. In re Frank, 93 N.J. Eq. 405). The forum chosen was without authority to grant the relief sought in this proceeding.
The balance of the appellants' argument requires no discussion. The cases upon which the appellants rely to support their position are In re Romaine, 113 N.J. Eq. 477; In re Allison,106 N.J. Eq. 55. These and the other cases mentioned are no support to the proposition that the decree of the surrogate may be reviewed by collateral attack on petition, c., to the Prerogative Court.
The order will be affirmed.
For affirmance — THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 12.
For reversal — None. *Page 387