7 N.J. Super. 48 (1950)
71 A.2d 898
IN THE MATTER OF THE ESTATE OF EMILIE SCHUBERT, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1950.
Decided March 14, 1950.
*50 Before Judges JACOBS, EASTWOOD and JAYNE.
Mr. Barney B. Brown argued the cause for the appellant.
Mr. Irving Shenberg argued the cause for the respondent Flora M. Roberts.
Mr. Nathan C. Staller (Mr. T. Millet Hand, of counsel), argued the cause for the respondent Fidelity and Deposit Company of Maryland.
The opinion of the court was delivered by JAYNE, J.S.C.
A concise chronological narrative will be sufficiently informative of the subject matter of this appeal.
On August 29, 1947, one Emilie Schubert, a resident of North Wildwood in the County of Cape May, subscribed her signature to a paper writing in the presence of two witnesses. The writing is an exemplification of simplicity.
 "Wildwood, N.J.
 8/29/47
 "To whom it may concern 
"I  Mrs. Emilie Schubert do this day & date  give all my personal belongings to my dear friend  Mrs. Flora M. Roberts.
 Emilie Schubert
 George S. Stein
 Dorothy Widmaier"
*51 Mrs. Schubert died on July 17, 1948, and on July 29, 1948, application was made on behalf of Mrs. Flora M. Roberts to the Surrogate's Court of the County of Cape May for the probate of the writing as the last will and testament of the decedent and for the issuance of letters of administration cum testamento annexo. Rule 5:3-2. The surviving witness, Dorothy Widmaier, deposed that the decedent was of sound mind; that she published and declared the paper to be her last will and testament in the presence of the subscribing witnesses, and that in all other essential respects there was a compliance with the requirements pertaining to the lawful execution of a will. The competent and uncontradicted information thus transmitted under oath to the Surrogate's Court constituted proof of the due execution and publication of the paper as the decedent's will. On August 5, 1948, the paper was admitted to probate and letters of administration with the will annexed were upon presentation of the prescribed bond issued to Mrs. Roberts, who obviously was the sole beneficiary designated by the decedent in her will.
It is evident that the decedent was survived by a daughter and by a son of a deceased daughter, both of whom are residents of Cape May County. No notice of the application to the Surrogate's Court for the probate of the will and for letters of administration was given the decedent's daughter and grandson.
Manifestly the will was probated in common form. The distinction between probate in common form, ex parte, and in solemn form in which all parties in interest are cited may readily be traced to the practice of the English ecclesiastical courts. The practice has survived in our courts of statutory jurisdiction in matters of probate. An inquisitive curiosity concerning the two ordinarily alternative methods of procedure is gratified by such informational decisions as those written in Straub's Case, 49 N.J. Eq. 264 (Prerog. 1892); affirmed, 50 N.J. Eq. 795 (E. & A.); Murray v. Lynch (In re Cartwright's Will), 64 N.J. Eq. 290 (Prerog. 1902); affirmed on opinion below, 65 N.J. Eq. 399 (E. & A. 1903); *52 In re Hodnett, 65 N.J. Eq. 329 (Prerog. 1903); and In re Allison, 106 N.J. Eq. 55 (Prerog. 1930).
In such a situation Rule 5:3-4 now supplies adequate redress to any person claiming to be aggrieved by the judgment entered in the action before the Surrogate, provided such aggrieved person acts with that degree of reasonable promptness and diligence regulated by the limitative terms of the rule. The decision in the Estate of Lillian B. Plemenik, 136 N.J. Eq. 381 (E. & A. 1944), is cognate.
It was not until August 4, 1949, one day less than a year after the judgment for probate was entered, that an application was made to the County Court on behalf of the decedent's daughter and grandson for an order requiring the persons in interest to show cause why the judgment probating the will and granting the letters of administration should not be nullified. On October 5, 1949, the motion was denied by the County Court. It is this order that is sought to be reversed in the present appeal.
The rule (5:3-4) distinctly provides that the notice of such a motion on behalf of residents within the State shall be served upon the plaintiff-proponent within three months after the entry of the judgment, and that if the notice is not served within the time specified the judgment shall be conclusive, except where the person aggrieved by the judgment seeks relief therefrom under Rule 3:60-2 for reasons (4), (5), and (6) enumerated in the rule, or for fraud upon the court, or by independent action.
We perceive no impropriety in the order of the County Court denying the motion unless it is apparent that the relief sought was within the exceptions to the limitation and that the motion was meritorious.
Fundamentally it is to be noted that motions made in pursuance of Rule 3:60-2 must be originated "within a reasonable time."
The predominant insistence of the appellants is that the judgment admitting the paper to probate as a will is void. Rule 3:60-2 (4). True, a void judgment has the similitude of a dead limb upon the judicial tree which may be chopped *53 off at any time, but we do not detect any justification for declaring the judgment of the Surrogate's Court to be void.
It is asserted that the writing is manifestly only evidential of an inter vivos gift. Such a supposition of the decedent's intention was refuted by the deposition of the subscribing witness. Nor was the probate erroneous in that the will purports to bequeath only the "personal belongings" of the testatrix.
The decedent's entire estate consisted of $3,536.32 in cash and 531/1539 of a share of bank stock valued at $22.60. Whether the cash and fractional share of stock were regarded by the testatrix as "personal belongings" which she intended to transport to her beneficiary by her will was, if appropriately drawn into dispute, a matter of judicial construction. Wills containing the same or analogous bequests, viz., "personal belongings" and "personal effects," have been subjected to judicial construction but nevertheless admitted to probate. Cf. Case v. Hasse, 83 N.J. Eq. 170 (Ch. 1914); Child v. Orton, 119 N.J. Eq. 438 (Ch. 1936).
Anent the issuance of the letters of administration, it is to be comprehended that the decedent died testate and not intestate and that the letters issued in association with the will were granted to the sole beneficiary.
It is observed that a consequence of the continued quiescence of the appellants was that the estate of the decedent has been completely administered and distributed.
It is within the lawful power of the Supreme Court to fix reasonable limitations of time within which such appeals must be instituted. The limitations so determined and announced must be respected.
In the present case we are not informed of any extenuating circumstances for the extraordinary delay.
The order under review is affirmed.