25 N.J. Super. 215 (1953)
95 A.2d 764
ANNE KONTER PUSILLO, PLAINTIFF,
v.
HELEN KONTER CZAJKOWSKI, INDIVIDUALLY AND AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF LIZZIE KONTER, DECEASED, AND FRANK KONTER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 23, 1953.
*216 Mr. Michael G. Alenick, attorney for plaintiff.
Mr. Robert L. Brown, attorney for defendants.
EWART, J.S.C.
Lizzie Konter died a resident of Carteret, N.J., October 31, 1951, leaving a will dated August 2, 1951 and which was admitted to probate by the Surrogate of Middlesex County on November 13, 1951, on which date letters testamentary were issued to the defendant Helen Konter Czajkowski.
Testatrix left her surviving her daughter, the plaintiff; another daughter, the defendant Helen Konter Czajkowski; and a son, the defendant Frank Konter.
Plaintiff was a resident of the State of Florida at the time of her mother's death and at the time of the probate of her mother's will.
By her complaint filed May 19, 1952 plaintiff attacks the validity of the will of her mother, the testatrix, upon the ground that her mother was old and ill at the time of the execution thereof; that she was subjected to undue influence and coercion by the defendants; that the will was the product of undue influence and fraud and was not the will of the testatrix within the contemplation of law, wherefore plaintiff demands judgment that the said will was procured by fraud, undue influence and duress; that the order of the surrogate admitting the will to probate and the issuance of letters testamentary thereon be vacated; that it be adjudged that the testatrix died intestate; that the *217 defendant Helen Konter Czajkowski be removed as executrix and required to make discovery of the assets of the estate of the mother of the plaintiff and defendants; that the real estate of the testatrix be adjudged to be property of all of her children as in case of intestacy; and that the said real estate be partitioned between the children of the testatrix or that the same be sold and the proceeds divided among the children of the testatrix. And the complaint further charged that at the time of the making of said will on August 2, 1951 testatrix lacked testamentary capacity and demand is made that this court so determine.
This case was pretried January 23, 1953 and the pretrial order reserves to the defendants the right to move to dismiss the complaint on the grounds: (1) that it fails to state a cause of action, (2) that it is sham and (3) that this court lacks jurisdiction to grant the relief demanded.
Pursuant to the reservation contained in the pretrial order, defendant now moves to dismiss the complaint for the reasons stated.
Formerly the statute (R.S. 3:2-52) allowed three months in the case of a resident and six months in the case of a nonresident within which to appeal to the Orphans' Court from proceedings before the surrogate respecting the probate of a will. This statute was not re-enacted in the revision of Title 3, but was superseded by Rule 5:3-4, as amended January 1, 1952, and the rule gives the same periods of time and substantially the same rights by way of appeal to the County Court as formerly provided by the statute by way of appeal to the Orphans' Court.
It is to be observed that the plaintiff, a resident of Florida, permitted more than six months to expire from the date of the probate of her mother's will before the institution of this present suit, even though, as appears by plaintiff's answer to interrogatory No. 25 served upon her by the defendants, plaintiff first learned of the existence of her mother's will on or about November 4, 1951.
It is my conclusion that the complaint in this cause does not contain allegations sufficient upon which to grant *218 the relief demanded and that this court is without jurisdiction in any event to entertain this suit. The statute cited, now superseded by the rule, provides entirely adequate means for redress to a person in the plaintiff's situation who claims to be aggrieved by a judgment of the surrogate admitting a will to probate and granting letters testamentary thereon. But under both the statute and the rule, the right of appeal from a judgment of the surrogate expires, in the case of a nonresident, after the expiration of six months from the entry of said judgment. When this suit was filed on May 19, 1952, the right to appeal from the judgment of the Surrogate of Middlesex County admitting the will to probate and granting letters testamentary thereon had already expired.
Plaintiff attempts to by-pass the provisions of the rule giving right of appeal to the Middlesex County Court by filing an original suit in the Superior Court, Chancery Division, in which she would have the Chancery Division of the Superior Court assume appellate jurisdiction over the judgment of the Surrogate of Middlesex County and reverse and vacate the judgment of the surrogate in admitting to probate the will in question and in having granted letters testamentary to the defendant Helen Konter Czajkowski. That cannot be done. In the first place, the Chancery Division of the Superior Court possesses no appellate jurisdiction. O'Neill v. Vreeland, 6 N.J. 158, at 165 (1951). Secondly, to entertain this suit, which in effect constitutes an appeal from the judgment of the Surrogate of Middlesex County, we would have to entirely ignore the provisions of the rule cited which provides an orderly procedure of appeal to the County Court by one dissatisfied with or aggrieved by a judgment of the surrogate.
In McCormack v. Burns, 89 N.J. Eq. 274 (Ch. 1918), the bill of complaint attacked the validity of a will on the ground that it was not the will of the testatrix and was procured by fraud. The court held that after the expiration of the three months' period named by the statute, or six months in the case of a nonresident, from the date of a judgment of the surrogate admitting a will to probate, the right *219 to appeal ceases to exist and the law provided no remedy by which the complainant in that case could come into the Court of Chancery and be heard to attack the validity of a will already probated by the surrogate.
In re Plemenik's Estate, 136 N.J. Eq. 381 (E. & A. 1944), the petitioners, who were residents of the State of New Jersey, four months after a will and codicil thereto had been admitted to probate by the surrogate, filed a petition in the Prerogative Court charging that the codicil was the result of undue influence and seeking to have the Prerogative Court require the codicil to be probated in solemn form in that court. Chief Justice Brogan, in delivering the opinion of the court, held that proceedings before a surrogate in admitting a will to probate are judicial in essence and may be reviewed only by appeal and that they might never be assailed or impeached collaterally. The opinion held that the Prerogative Court was without authority to grant the relief demanded.
In re Schubert's Estate, 7 N.J. Super. 48 (App. Div. 1950), sustained the power of the Supreme Court to fix reasonable limitations of time within which an appeal might be taken from the judgment of the surrogate and that, after expiration of the time limited by the rule, the right to appeal was gone.
The Surrogate of Middlesex County has already adjudicated that the paper writing in question is the will of the decedent Lizzie Konter. That adjudication by the surrogate may not be attacked collaterally. In re Plemenik's Estate, supra. Or, if this suit be regarded in effect as an appeal from the judgment of the surrogate, then it must be said that the Chancery Division of the Superior Court possesses no appellate jurisdiction. O'Neill v. Vreeland, supra. Furthermore, were the plaintiff permitted, by filing an independent suit in the Chancery Division of the Superior Court attacking the validity of the will in question, to ignore the rules providing for the probate of a will before the surrogate and the issuance of letters testamentary by him, and to ignore the rule giving the right of appeal from a *220 judgment of the surrogate to the County Court, then the rules in question might as well be repealed because proceedings before the surrogate would settle nothing. That, certainly, was not the intent of the statutes nor of the rules of the Supreme Court superseding the statutes having to do with the probate of wills before surrogates and of the right of appeal to the County Court from the judgment of the surrogate.
For the reasons stated, judgment on the motion for the defendants.