31 N.J. Super. 508 (1954)
107 A.2d 348
IN THE MATTER OF THE PROBATE OF THE WILL OF LOUIS OPPER AND REBECCA OPPER, DECEASED.
ADDISON M. OPPER AND PHILIP OPPER, EXECUTORS OF THE ESTATE OF LOUIS OPPER AND REBECCA OPPER, PLAINTIFFS-RESPONDENTS,
v.
MOLLIE WOLF, A DAUGHTER OF LOUIS OPPER AND REBECCA OPPER, DECEASED, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 28, 1954.
Decided July 9, 1954.
*510 Before Judges CLAPP, SMALLEY and SCHETTINO.
*511 Mr. Isadore Rabinowitz argued the cause for plaintiffs-respondents (Mr. Edward H. Saltzman, attorney).
Mr. Mendon Morrill, of Messrs. Cole, Morrill & Berman, argued the cause for defendant-appellant (Mr. Theodore D. Rosenberg, attorney).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The issues before us arise out of a will contest instituted by the defendant, Mrs. Mollie Wolf.
The wills of Mrs. Wolf's mother and father, Rebecca and Louis Opper, are incorporated in a single instrument written largely in the first person plural and executed by both of them. They leave Mrs. Wolf nothing. The Passaic County Surrogate's Court probated this instrument as Mr. Opper's will on his death in 1950 and reprobated it as Mrs. Opper's will on her death in 1952.
Four months after the latter probate, Mrs. Wolf, a resident of Florida, obtained an order to show cause from the Passaic County Court to review both probate judgments, charging, among other things, that the joint will was the product of undue influence and fraud. The order to show cause, so far as it affected Mr. Opper's will, was plainly not timely (R.R. 5:3-4) and was for that reason dismissed. No appeal is taken from that dismissal. The order to show cause, so far as it affected Mrs. Opper's will, was subsequently dismissed on the ground that this being a joint will, the judgment admitting her husband's will to probate was conclusive as to her will. Mrs. Wolf appeals from this dismissal.
Counsel appearing on the appeal for plaintiffs, the executors of Mrs. Opper's will, makes no attempt to defend the theory of the decision below. We deal here with a single testamentary instrument executed by two testators pooling their funds, but nevertheless operative as to each testator at his death. Such an instrument in legal effect is the will of each and is probatable on the death of each as his or her separate will. Curry v. Cotton, 356 Ill. 538, 191 N.E. 307 *512 (Sup. Ct. 1934); Rastetter v. Hoenninger, 214 N.Y. 66, 108 N.E. 210 (Ct. of App. 1915); In re Davis' Will, 120 N.C. 9, 26 S.E. 636 (Sup. Ct. 1897), and note thereon 38 L.R.A. 289; Cawley's Appeal, 136 Pa. 628, 20 A. 567 (Sup. Ct. 1890), and note thereon 10 L.R.A. 93; note 169 A.L.R. 9, 83; 1 Page on Wills 228 (3d ed. 1941); see Deseumeur v. Rondel, 76 N.J. Eq. 394, 399 (Ch. 1909). The action for the probate of Mr. Opper's will and that for the probate of Mrs. Opper's will are therefore based on separate causes of action, and (assuming an identity of parties) the judgment in the first action is res judicata in the subsequent action only as to a matter actually litigated and determined in the earlier action. Miller v. Stieglitz, 113 N.J.L. 40 (E. & A. 1934); Phillips v. Phillips, 119 N.J. Eq. 497 (E. & A. 1936); Nystrom v. Pennycook, 29 N.J. Super. 456 (App. Div. 1954). There was no question in the first action here as to the validity of Mrs. Opper's will or as to undue influence or fraud upon her; indeed the only matter actually litigated and determined in that action was that the attack on Mr. Opper's will was not timely. The theory below is patently unsound.
Plaintiffs' counsel here, however, advances in support of the judgment of the County Court a theory not put forward there. Mrs. Opper, he says, was bound by contract with Mr. Opper to dispose of her estate as provided in the instrument propounded. Even though (the argument continues) that instrument is vitiated by undue influence or fraud, nevertheless Mrs. Opper's entire estate must pass in accordance with the contract; and so any attempt to set the will aside is futile. The theory seems to be that the County Court, by seeing to it that the contract is enforced, provides equitable relief (Constitution, Art. VI, Sec. IV, par. 5) by way of reply to defendant's answer (R.R. 4:85-5) setting up fraud and undue influence.
It might be noticed that the same question could have been raised on another theory. If the contract cutting off Mrs. Wolf is binding and if therefore she would take nothing *513 even though the will were set aside, she is not aggrieved by the probate. A will contest can be instituted only by one who would be injured by the probate. R.R. 5:3-4; cf. In re Coleman's Will, 27 N.J. Super. 532 (App. Div. 1953).
Mrs. Wolf makes little attempt to meet these contentions except to say on the oral argument that she has not had an opportunity to present proof on this issue, raised first on the appeal, whether there was a contract to make a will. The parol evidence rule does not bar oral proof on that issue; that is to say, the contract, if any, is not to be deemed to have been integrated into the will before us. 3 Corbin on Contracts 309 (1950).
The case must therefore be remanded, but not only for the reason indicated. If fraud or undue influence was brought to bear upon Mrs. Opper inducing her to make a will cutting off Mrs. Wolf, it undoubtedly  we can hardly conceive of it otherwise  vitiated the alleged contract made apparently at the same time as the will, by which she purportedly agreed to disinherit Mrs. Wolf. Plaintiffs, citing Daniels v. Aharonian, 63 R.I. 282, 7 A.2d 767, 773 (Sup. Ct. 1939), attempt to meet this argument by saying that for the year and nine months in which Mrs. Opper survived her husband, she acted as one of his executors and accepted the benefit of the life estate he gave her.
But does this bar her from rescinding the contract because of fraud if she never acquired knowledge of the fraud? Cf. Ajamian v. Schlanger, 20 N.J. Super. 246 (App. Div. 1952). Counsel do not consider that question, and we need not do so either. Or if undue influence had been exerted and she was held in its grip until her death  we are not told who is charged with exerting the influence  it could hardly be said that by receiving benefits under the contract, she was estopped from upsetting it. In dealing with these problems it would seem that Mrs. Wolf stands in her mother's shoes.
The case will have to be remanded for a continuation of the proceedings below. It may be helpful to say that, so far *514 as we have been apprised of the facts, it would appear that proofs will have to be taken as to the alleged fraud and undue influence. The plaintiffs have provided us with an interesting brief on the question whether  assuming there is no other evidence of the matter  the will itself is sufficient proof of the contract to make a will. However lacking proofs and argument on the part of the defendant, and lacking any measure of assurance that the point will be reached below, it would be quite inappropriate for us to deal with it now.
Reversed, costs to abide the event of the further proceedings.