83 N.J. Super. 110 (1964)
199 A.2d 43
IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF ABRAHAM LANDOW, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued March 16, 1964.
Decided March 26, 1964.
*111 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Theodore E.B. Einhorn argued the cause for appellant (Messrs. Stein & Einhorn, attorneys).
Mr. Francis J. Simone argued the cause for respondent.
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal by Sarah Berzin from an order of the Monmouth County Court, Probate Division, denying her motion to set aside the probate of the will of Abraham Landow, deceased.
On October 14, 1961 Abraham Landow of Keansburg, New Jersey, died, leaving a last will and testament which was duly probated in the Surrogate's Court of Monmouth County on March 29, 1962. The will had been executed by the testator on August 22, 1960. It named Louis G. Turen, a New York attorney, as executor.
*112 The testator devised and bequeathed substantial gifts to the State of Israel, to charities and to a friend, one Miles Murphy. He gave nominal legacies to his three sisters, surviving members of his family. He bequeathed to his friend and attorney, Louis G. Turen, $1,000 and a watch. He named Turen as his residuary legatee.
Appellant Sarah Berzin, a sister of decedent and a resident of New York City, was bequeathed $500.
On February 3, 1963, ten months after the will was probated, the appellant secured the issuance of an order of the Monmouth County Court, Probate Division, directing the executor to show cause why the judgment admitting decedent's will to probate should not be set aside. In her affidavit filed in support of her motion, she alleged that she had not received written notice from the executor that the will had been probated and of the place and date of probate, which R.R. 4:99-7 requires be sent to a beneficiary within 60 days after the date of probate. She further alleged that the principal beneficiary under the will was Louis G. Turen (the executor), a New York attorney, in whose office the will was "claimed" to have been executed and that the paper backing of the will bore the name of Joseph J. Engle, an office associate of Turen. She contended that there was thus presented a prima facie case of an attorney, Turen, using his confidential relationship with the decedent to be named principal beneficiary to the exclusion of the natural objects of decedent's bounty, his surviving sisters.
She charged that there was a serious question of the mental competency of the testator at the time he executed his will; that he was under a delusion that his sister Esther was trying to poison him.
In an answering affidavit Francis J. Simone, attorney for the executor, stated that on February 2, 1962 he had informed appellant by telephone that the will was being offered for probate in Monmouth County; that it named Louis G. Turen as executor and Mrs. Berzin as a beneficiary, and that as soon as it was probated he would send her a copy of the will. He said *113 on this occasion appellant discussed with him a claim against the estate for money she had expended at the funeral and he had informed her that it would be paid. He asserted that on April 11, 1962, following the probate of the will, he mailed a copy of the will to appellant. He conceded that the letter did not state that the will had been probated and did not set forth the date and place of probate, and admitted that this was an oversight on his part.
Louis G. Turen stated in his affidavit that appellant had personal knowledge that the will was probated on March 29, 1962 and that he was executor. He said that on November 18, 1961, four months prior to the probate, he had talked to appellant about the will and that on the following day she confirmed the conversation by letter and presented a claim for $75 against the estate ($25 for money paid to the rabbi at the funeral and $50 for memorial services for a year). He asserted that on November 23, 1962 he paid $25 of the claim to appellant's husband and received a release for the same. He further alleged he had numerous telephone conversations with appellant, who wanted to know when she would receive her $500 legacy.
Turen denied the testator was mentally incompetent when the will was executed or that he had exerted undue influence upon him. He further stated appellant's assertion that he was the principal beneficiary of the will was incorrect and alleged that the principal beneficiaries were the State of Israel, Miles Murphy, The Damon Runyon Cancer Fund and the Will Rogers Memorial Hospital. He asserted that the residuary estate bequeathed to him would not exceed $500.
The trial court held that appellant had actual knowledge of the probate of decedent's will and that under R.R. 5:3-4(a) she was precluded from bringing her proceeding since more than six months had elapsed following the date of probate. In so concluding the court also relaxed the provisions of R.R. 4:99-7 requiring the executor to give written notice to beneficiaries of the date and place of probate within 60 days thereof. He further found no merit to appellant's allegations *114 of mental incompetency of the testator or that the will was the product of undue influence.

I.
Appellant contends that the failure of the executor to notify her in writing that the will had been probated and the date and place of probate, pursuant to R.R. 4:99-7, tolled the running of the six-month period provided for under R.R. 5:3-4(a) in which a nonresident of the State could bring a motion to set aside probate of a will.
R.R. 5:3-4(a) provides:
"Any person aggrieved by a judgment of the surrogate's court of any county may, without notice, move before the county court of the county for an order requiring the plaintiff to show cause why the judgment should not be set aside or modified; provided however the application for the order to show cause shall be made within 3 months after entry of the judgment, or within 6 months thereafter in cases where the moving party resided out of this State at the entry of the judgment." (Emphasis added)
Appellant cites no authority for her position and we are satisfied that it cannot be maintained. R.R. 1:27B(d) specifically provides that neither the court nor the parties may enlarge the time for taking any action under R.R. 5:3-4 beyond 30 days from the time permitted by the rule, and then only for good cause shown. Cf., Howland v. City of Asbury Park, 69 N.J. Super. 157, 160-61 (App. Div. 1961); In re Old Colony Coal Co., 49 N.J. Super. 117, 124 (App. Div. 1958); Grogan v. William J. Scully, Inc., 42 N.J. Super. 174, 178 (App. Div. 1956).
Appellant brought her action more than ten months after the judgment of probate. Her right to do so was limited to the six-month period provided for under R.R. 5:3-4(a) and a 30-day extension which could have been permitted by the court under R.R. 1:27B(d). Her action was clearly barred under the rules.
Furthermore, appellant was not aggrieved by failure of the executor to notify her in writing, within 60 days following *115 the probate of the will, that the will had been probated and of the place and date of probate required under R.R. 4:99-7. She does not deny that she received verbal notice that the will would be probated in Monmouth County, following which she would receive a copy of the will. Nor does she deny that thereafter she did receive a copy of the will from the executor's attorney. The record clearly indicates that she had actual notice.
It is true that R.R. 4:99-7 requires written notice of the probate, the date and place thereof, to be mailed by the executor to all beneficiaries under the will within 60 days after probate. The obvious purpose of the rule is one of notification so that a beneficiary upon receiving a copy of the will may take such action as she deems necessary.
We are satisfied that noncompliance with the literal requirements of R.R. 4:99-7 as to written notice by the executor, where it is undenied appellant had actual notice, does not toll the limitation period prescribed in R.R. 5:3-4(a). We perceive no prejudice that has been visited upon appellant by reason of the failure to give the notice technically called for by the rule in question.

II.
Appellant's motion to set aside the probate of decedent's will having been barred by the time limitation of R.R. 5:3-4(a), which is precluded from enlargement by R.R. 1:27B (d), it is unnecessary to pass on the other issues raised in this appeal.
However, we note that plaintiff's affidavit, upon which her motion was based, does not comply with the requirements of R.R. 4:44-4, made applicable to the probate division of the County Court by R.R. 5:3-7. Appellant's allegations that testator's will was the product of undue influence and that testator was mentally incompetent are based solely on conclusions and not upon facts within on her personal *116 knowledge. The court was free to disregard such affidavits. See Ash v. Frazee, 37 N.J. Super. 542 (App. Div. 1955).
The order of the trial court dismissing appellant's motion to set aside the judgment of probate is affirmed.