85 N.J. Super. 220 (1964)
204 A.2d 368
IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF FREDERICK P. SMALL, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1964.
Decided October 27, 1964.
Before Judges GAULKIN, FOLEY and COLLESTER.
*221 Mr. Lewis M. Holland argued the cause for appellants (Messrs. Warren, Chasan, Leyner & Holland, attorneys).
Mr. Arthur L. Troast argued the cause for respondents (Messrs. Troast, Mattson & Madden, attorneys).
The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal from an order of the Bergen County Court, Probate Division, denying an application to set aside a judgment admitting the will of Frederick P. Small to probate.
Frederick P. Small died on March 1, 1958, at the age of 83 years, leaving a last will and testament dated October 25, 1954. Judgment was entered on March 12, 1958 by the surrogate of Bergen County admitting the will to probate. The testator's son, Frederick A. Small, and The Chase National Bank (now The Chase Manhattan Bank) were appointed and qualified as executors. No objection to the probate of the will was made and no caveat was filed.
In his will the testator, inter alia, bequeathed $10,000 to his friend William Lange, $10,000 to his daughter Kathryn Conkling, and $15,000 to his son Frederick A. Small. He created a trust estate of $15,000 under which $3,000 was to be paid to each of the children of his daughter Kathryn Conkling when they attained the age of 21 years. (Four of said grandchildren are petitioners in the present proceeding.) He bequeathed the residue of his estate in trust for the benefit of his children, Frederick A. Small and Kathryn Conkling, and his friend William Lange.
Under the terms of the residuary trust the beneficiaries were to receive the income in equal shares at such times as the trustee, The Chase Manhattan Bank, deemed proper. The trust was to terminate on the sixth anniversary of the testator's death, at which time the corpus and accumulated interest were to be paid to the beneficiaries in equal shares. It provided that if any of the trust beneficiaries predeceased the sixth anniversary of testator's death, his or her share was to *222 go to the survivors equally. It further provided that if Kathryn Conkling should survive Frederick A. Small and William Lange, and yet predecease the sixth anniversary of testator's death, then in that event, the entire corpus of the residuary trust estate should be paid over to Kathryn Conkling's children in equal shares. The will further contained an in terrorem clause barring a challenge to the will by either testator's son or daughter.
The final account of executors was filed in the County Court on February 24, 1961. No objections were made thereto. The guardian ad litem appointed to represent three minor children of Kathryn Conkling, who are petitioners herein, namely, Frederick Conkling, Allan Conkling and Bruce Conkling, filed a report with the court recommending allowance of the account. The County Court entered judgment approving the account on April 11, 1961.
Kathryn Conkling executed a release to the executors upon receipt of her $10,000 legacy. Her children, Barbara Conkling, Judith Conkling Sheehan and Frederick Conkling, executed releases to the trustee when they attained the age of 21 years and received the money due them under the trust created for their benefit.
On February 18, 1963, approximately five years after the death of the testator, Kathryn Conkling died intestate. On February 21, 1964, six years after the judgment admitting the will to probate, three years after the judgment approving the final account, and one year after Kathryn Conkling's death, her husband, George Conkling, and four of her five children, namely, Judith Conkling Sheehan, Frederick S. Conkling, Allan Conkling, a minor, and Bruce Conkling, a minor, filed a petition to set aside the judgment of probate entered March 12, 1958. It alleged that said will was the product of undue influence exercised upon the testator by William Lange and charged that at the time of the execution of the will the testator was lacking in testamentary capacity. The verification of the petition, signed only by George A. Conkling, recited that the petition was true "to the best of *223 my knowledge, information and belief." Based on the petition, an order issued directing The Chase Manhattan Bank, as executor and trustee, to show cause why the judgment admitting the will to probate should not be set aside.
The Chase Manhattan Bank, as executor and trustee, and Frederick A. Small and William Lange, as legatees, moved to dismiss the petition and to vacate the order to show cause. Following a hearing the County Court denied the application to set aside the judgment of probate on the ground that it was barred by R.R. 5:3-4(a), which limits an attack upon a surrogate's judgment to a period of three months following its entry.

I.
The issue for determination is whether petitioners' application to set aside the judgment admitting the will to probate is barred by the time limitations established by rules of court. R.R. 5:3-4 provides:
"(a) Any person aggrieved by a judgment of the surrogate's court of any county may, without notice, move before the county court of the county for an order requiring the plaintiff to show cause why the judgment should not be set aside or modified; provided however the application for the order to show cause shall be made within 3 months after entry of the judgment, or within 6 months thereafter in cases where the moving party resided out of this State at the entry of the judgment.
(b) Any person interested in a judgment of the surrogate's court of any county, who seeks relief under Rule 4:62 or because of fraud upon the court may, without notice, move before the county court of the county for an order directed to the other persons in interest requiring them to show cause why the relief sought by him should not be granted; or upon cause shown, the court may grant the relief without issuing an order to show cause. Where the relief is sought under Rule 4:62-2 because of mistake, inadvertence, surprise, or excusable neglect or because of newly discovered evidence or because of fraud, misrepresentation, or misconduct, other than fraud upon the court, the application for an order to show cause or for the relief shall be made within 3 months after entry of the judgment, or within 6 months thereafter in cases where the moving party resided out of this State at the entry of the judgment."
*224 It is also to be noted that R.R. 1:27B(d) provides that neither the court nor the parties may enlarge the time for taking action under R.R. 5:3-4.
Petitioners, however, contend that their application is not barred by R.R. 5:3-4. They assert that they are entitled to relief from the judgment under the provisions of R.R. 4:62-2. Said rule states:
"On motion, with briefs, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment, order or proceeding and which by due diligence could not have been discovered in time to move for a new trial under Rule 4:61-2; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released, or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order. The motion shall be made within a reasonable time, and for reasons (a), (b) and (c) not more than 1 year after the judgment, order or proceeding was entered or taken. * * *"
Petitioners concede that R.R. 5:3-4(b) specifically restricts applications made under subsections (a), (b) and (c) of R.R. 4:62-2 to a six-month period following entry of the judgment, and that subsections (d) and (e) of said rule are not applicable to the instant case. They contend, however, that they are entitled to relief under subsection (f), which permits an application to be made for "any other reason justifying relief from the operation of the judgment or order." They allege that there is no limitation as to time when application is made under subsection (f)  that the rule requires only that it be made within a "reasonable time." While their petition sets forth no reason for the six-year delay in making their application, they argue that such delay has not had any substantial effect upon the capacity of respondents to defend on the factual issue of claimed undue influence by Lange. *225 They concede that the executors have made final distribution of the assets of the estate but claim that the bulk of decedent's estate, held in trust by the trustee, remains undistributed. They waive any claims as to money heretofore distributed.
As before stated, petitioners' application to vacate the judgment admitting the will to probate is based on charges that the will was the product of undue influence and that the testator lacked testamentary mental capacity. It has been repeatedly held that an application to set aside a judgment on such grounds is limited by the provisions of R.R. 5:3-4. In re Landow, 83 N.J. Super. 110, 114 (App. Div. 1964); In re Hoffstedt, 25 N.J. Super. 264, 267 (Cty. Ct. 1953), affirmed 27 N.J. Super. 132 (App. Div. 1953); In re Opper, 31 N.J. Super. 508, 511 (App. Div. 1954). See also Pusillo v. Czajkowski, 25 N.J. Super. 215 (Ch. Div. 1953), and In re Plemenik's Estate, 136 N.J. Eq. 381 (E. & A. 1945).
It is obvious that if petitioners can move to vacate a judgment of probate on the grounds of undue influence or lack of mental capacity of the testator, under subsection (f) of R.R. 4:62-2, there would be no reason for promulgation of R.R. 5:3-4, and the time limitation to appeal from such judgment  three months after its entry in the case of residents and six months for non-residents  would be meaningless. In promulgating rules of practice it was not intended to have one rule rendered meaningless by another. Hodgson v. Applegate, 31 N.J. 29, 37 (1959).
It is undisputed that the facts upon which the claims of undue influence and lack of mental capacity are based could have been asserted when the will was offered for probate in 1958, and that an appeal from an adverse judgment could have been taken within the time limitations of R.R. 5:3-4. No such action was taken.
R.R. 4:62-2(f) cannot provide a basis for relief in this case. Subsection (f) contemplates exceptional, extraordinary and compelling grounds for relief which do not fall within those which could be asserted under the provisions of R.R. 5:3-4.
*226 We are satisfied that the trial judge properly denied the application to vacate the surrogate's judgment.
In view of our decision we find it unnecessary to consider the defense of estoppel raised by respondents.
Affirmed.