105 N.J. Super. 217 (1969)
251 A.2d 487
IN THE MATTER OF THE PROBATE OF THE WILL OF ANTONIO FERRULLI, DECEASED.
Superior Court of New Jersey, Hudson County Court, Probate Division.
Decided March 17, 1969.
*218 Mr. Joseph G. Liebman, attorney for plaintiff (Messrs. Liebman & Liebman, attorneys).
Mr. Joseph J. Talafous, attorney for defendant.
SCHNEIDERMAN, J.C.C.
This action arises by virtue of an order to show cause why the judgment admitting the will of Antonio Ferrulli to probate by the Hudson County surrogate's court should not be set aside.
Antonio Ferrulli died on March 5, 1968, survived by his sons John and Alfonse Ferrulli, and his daughters, Mary Cipoletti and Antoinette Nicoletti.
On April 5, 1968, John Ferrulli offered the document purporting to be the last will and testament of Antonio Ferrulli for probate to the surrogate's court of Hudson County. Also appearing at that time was Joseph Critelli, one of the three witnesses to this last will and testament. Joseph Critelli made the required affidavit and the will was admitted to probate, with John Ferrulli appointed as the executor of the will.
On December 12, 1968 an order to show cause why the will should not be set aside was brought on behalf of Alfonse Ferrulli, which was later joined in by Mary Cipoletti and Antoinette Nicoletti.
The uncontested facts as gleaned from the affidavits are as follows: Mary Critelli, the person who assisted Antonio Ferrulli in the making of his purported last will, read it on April 3, 1968 to his four children. Some discussion of the will ensued. All four children received a photostatic copy of the purported will on or about April 15, 1968.

[1] Was The Action Of The Surrogate Admitting The Will To Probate Proper?
The attestation clause of the will read as follows:
"WE, whose names are hereto subscribed, do certify that ____ the testat ____, subscribed ____ name to this instrument in *219 our presence, and in the presence of each of us, and at the same time ____ declared in our presence and hearing that same was ____ last Will and Testament, and requested us, and each of us, to sign our names thereto as witnesses to the execution thereof, and which we hereby do in the presence of the testat ____ and of each other, this 6th day of March 1967, the day of the date of said Will, and write opposite our names our respective places of residence."
The opponents of the will contend that the will contained an incomplete attestation clause, which was a defect on the face of the will under R.R. 5:3-3(a)(2). They therefore argue that the surrogate was without jurisdiction, and since his judgment is void, the limitation to contest the judgment is one year under R.R. 4:62-2, which reads:
"On motion, with briefs, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (d) the judgment or order is void * * * The motion shall be made within a reasonable time, and for reasons (a), (b) and (c) not more than 1 year after the judgment, order or proceeding was entered or taken."
The proponent of the will relies on R.R. 5:3-4, which states:
"Any person aggrieved by a judgment of the surrogate's court of any county may, without notice, move before the county court of the county for an order requiring the plaintiff to show cause why the judgment should not be set aside or modified; provided however the application for the order to show cause shall be made within 3 months after entry of the judgment, or within 6 months thereafter in cases where the moving party resided out of this State at the entry of the judgment."
I find that the unfilled blanks in the attestation clause do not constitute a defect on the face of the will. Since the will was probated April 5, 1968 and the order to show cause not filed until December 12, 1968, and the aggrieved persons are residents of New Jersey, their action is controlled by R.R. 5:3-4.
The attestation clause recited all the requirements of N.J.S. 3A:3-2. The court in Allaire v. Allaire, 37 N.J.L. 312, *220 Sup. Ct. (1874) stated that all that is necessary is that the attestation clause recite the requirements now embodied in N.J.S. 3A:3-2:
"The statute does not prescribe any form in which the witnesses shall certify their attestation. A will signed by the testator and subscribed by a sufficient number of witnesses, may be established, by testimony aliunde, that the formalities which are necessary have been observed, but if there be no attestation clause, or if the attestation clause does not contain all the requisites to the making of a will, affirmative proof must be made of its execvution in the manner and with the formalities prescribed by the statute." (at p. 325)
The failure to fill in the empty blanks in the attestation clause, while an oversight, is of no significance and does not void the will. The Prerogative Court of New Jersey, in In re Sandmann, 68 A. 754 (1908), had a Will before it in which the address of the last-named witness was omitted. The court held this to be an insignificant oversight:
"Some criticism is made upon the fact that the last-named witness did not append his residence to his signature. This, while proper, is not required by any provision of law." (at p. 754)
In the present case the signature of the testator, impliedly filled in the blanks of the attestation clause. Such a name is of masculine gender; thus, "his" and "or" as opposed to "her" and "trix" goes into the blanks by implication.
The mere omission of the blanks is not enough to overcome the validity and evidentiary character of the attestation clause. In In re Hale, 21 N.J. 284 (1956), the court stated that an attestation clause is prima facie evidence of the facts stated in it, which may be overcome by clear and convincing proof to the contrary, either from the subscribing witnesses themselves or from the facts and circumstances actually incident to the execution. Such proof must be clearly irreconcilable with the recitations of the clause, citing In re Wherry, 131 N.J. Eq. 50J (E. & A. 1942), and In re Taylor, 28 N.J. Super. 220 (App. Div. 1953); and also Mundy v. Mundy, 15 N.J. Eq. 290 (1858).
*221 The opponents are barred by the three-month limitation of R.R. 5:3-4 and it is not in the court's right to expand the limitation of this rule. The court in In re Schubert, 7 N.J. Super. 48, 53 (App. Div. 1950), spoke of R.R. 5:3-4 and the court's duty to follow such a rule when it stated:
"It is within the lawful power of the Supreme Court to fix reasonable limitations of time within which such appeals must be instituted. The limitations so determined and announced must be respected."

[2] Does The Failure To Literally Comply With R.R. 4:99-7 Toll The Limitation Period Prescribed in R.R. 5:3-4(a)?
The opponents contend that they never received written notice within 60 days after the probate of the aforesaid will. R.R. 4:99-7 states:
"Within 60 days from the date of the probate of any will, the executor or administrator with the will annexed shall mail to all beneficiaries under the will, at their last known post-office addresses, a copy of the will and a notice in writing that the will has been probated, and the place and date of probate."
In the present case the opponents all received a photostatic copy of the alleged will some ten days after it had been probated, and they admit that they were at the house of Mary Critelli on April 3, 1968 when she read the will to them.
Antoinette Nicoletti and Mary Cipoletti admit in their affidavits that on April 26, 1968 they signed the following agreement:
"It is understood and agreed, that we the undersigned, accept the sum of Fve Thousand ($5,000.00) Dollars in full payment of our share of the late Anthony Ferrulli's Will and are fully satisfied."
They also individually admit the receipt of a personal check of John Ferrulli, the executor, in the sum of $5,000.
*222 The opponents allege that they were never told that the will which was read to them was to be probated. Mary Critelli and John Ferrulli state in their affidavits that the idea of probating the will in a couple of days after it was read on April 3, 1968 was discussed amongst the four children.
The court in In re Landow, 83 N.J. Super. 110 (App Div. 1964) was faced with the very same problem now before this court. The appellant there contended that
"* * * the failure of the executor to notify her in writing that the will had been probated and the date and place of probate, pursuant to R.R. 4:99-7, tolled the running of the six-month period provided for under R.R. 5:3-4(a) in which a nonresident of the State could bring a motion to set aside probate of a will." (at p. 114)
The contention of the opponents in the present case is answered by what the court said in Landow:
"We are satisfied that non-compliance with the literal requirements of R.R. 4:99-7 as to written notice by the executor, where it is undenied appellant, had actual notice, does not toll the limitation period prescribed in R.R. 5:3-4(a). We perceive no prejudice that has been visited upon appellant by reason of the failure to give the notice technically called for by the rule in question." (at p. 115)
I find that all the parties had actual notice of the probate of the will. The judgment admitting to probate the will is affirmed.