175 N.J. Super. 595 (1980)
421 A.2d 600
IN THE MATTER OF THE ESTATE OF FANNY GREEN, DECEASED.
Superior Court of New Jersey, Appellate Division.
Submitted September 16, 1980.
Decided October 16, 1980.
*596 Before Judges BOTTER, KING and McELROY.
Arthur Green filed a brief pro se.
Jacobs & McCarter, for respondent Joseph Green (Kent A. Losche on the brief).
The opinion of the court was delivered by McELROY, J.A.D.
This is a probate matter involving interpretation of R. 4:80-7 and R. 4:80-8. Appellant, an heir, by an order to show cause obtained May 4, 1978 sought to challenge his mother's will which was probated June 3, 1977. The question to be decided is whether appellant had notice of the probate and was derelict in failing to challenge the will within three months of the entry of judgment, as required by R. 4:80-7. The trial judge held that appellant had actual notice and that he untimely sought redress. We disagree and reverse.
R. 4:80-8, the fulcrum upon which this issue moves, provides:
Within 60 days after the date of the probate of a will, the executor or administrator with the will annexed shall cause to be mailed to all beneficiaries under the will, at their last-known post office addresses, a copy of the will and a notice in writing that the will has been probated, and the place and date of probate. If by the terms of the will property is devoted to a present or future charitable use or purpose, like notice and a copy of the will shall be mailed to the Attorney General.
*597 The dispute arises because the will probated on June 3, 1977 omitted an option to purchase testator's home which had been granted to appellant in an earlier will. Appellant contended below that the later will was a product of undue influence or testamentary incapacity.
In its undisputed that appellant, a beneficiary, did not receive written notice of the date, time, place and fact of probate until March 8, 1978 more than 11 months after probate had occurred. This lack of written notice was not due to any deliberate conduct of the executor, who was aware of the requirement of R. 4:80-8 but expected his attorney would comply with the rule.
It is equally not disputed that appellant received no other notice of probate from his brother, who served as executor, or his sister, the third heir. This was probably because appellant and his siblings were estranged and not in communication with each other.
Appellant was aware of the existence of a will, that his brother was executor and that probate was necessary. There is, however, no proof that he knew the will omitted his preferential right of purchase. While it is true that appellant did not seek to obtain a copy of the will or inquire as to when it would be probated, it is not an infrequent occurrence in will matters that ill feeling or familial disaffection leads to a lack of communication or personal contact. It is in such context that R. 4:80-8 has particular application and salutary effect. It is not realistic in the circumstances of this case to expect inquiry by a beneficiary to be the substitute for the executor's duty, imposed by this rule, to notify beneficiaries of the probate judgment and to give them copies of the will.
In such context there is no justification for relaxation of R. 4:80-8 and its requirements of notice. R. 1:1-2; see In re Landow, 83 N.J. Super. 110 (App.Div. 1964); In re Ferrulli, 105 N.J. Super. 217 (Cty.Ct. 1969). Judge Collester in Landow observed that the "obvious purpose of the rule is one of notification so that a beneficiary upon receiving a copy of the will may take such action as [he] deems necessary." In the cases cited *598 above, and relied on by respondent, actual notice was shown. Such is not the present state of facts, and the court below mistakenly applied the principles of those cases to the case at hand. Notice of the existence of a will is not notice of its actual content or of its date of probate.
Here appellant brought his challenge to the will within a reasonable time after he learned of the actual content of the will. There is no reason to believe that had proper notice been given him under R. 4:80-8, he would have been any less diligent. Appellant is entitled to relief under R. 4:50-1(f). Under that section of the rule appellant's challenge was timely. Court Investment Co. v. Perillo, 48 N.J. 334, 341 (1966).
One further observation must be made. Appellant appears pro se. His brief contains unwarranted and unsupported broadsides fired at the trial judge, other witnesses and the attorney who drew the will. In particular, a review of the record demonstrates that the judge exercised commendable patience and impartiality. Appellant is cautioned, if he continues to act in his own behalf, that employment of such diatribe will not enlighten the issues nor aid his cause.
The judgment entered below is reversed. The matter is remanded for a plenary hearing on the issues of undue influence and testamentary capacity. We do not retain jurisdiction.