190 N.J. Super. 53 (1983)
461 A.2d 1193
IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF CHARLES T. KARAMUS, JR., DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued March 7, 1983.
Decided June 8, 1983.
*54 Before Judges MILMED, MORTON I. GREENBERG and FURMAN.
Elizabeth Anne Cohen argued the cause for appellant Joyce Karamus.
George J. Mandle, Jr., argued the cause for respondent Estate of Charles T. Karamus (Foxman & Mandle, attorneys).
The opinion of the court was delivered by GREENBERG, J.A.D.
This case is an appeal from the Superior Court, Law Division, Probate Part, Union County. Decedent, Charles T. Karamus, Jr., and appellant, Joyce Karamus, were married November 7, 1964. One child, Lisa, still an infant, was born of the marriage.[1] On March 22, 1974 decedent and Joyce Karamus were divorced. On June 9, 1978 decedent purportedly executed a will leaving his entire estate to his mother, Anna Karamus, and his brother, John Karamus, and appointing John Karamus executor of the *55 will.[2] No mention was made of Joyce Karamus or Lisa in the will. Decedent died August 11, 1978. On August 22, 1978 the will was admitted to probate in common form in the Union County surrogate's court. Inasmuch as Joyce Karamus and Lisa were not beneficiaries under the will they were not given notice of the probate of the will and were not sent copies as required by R. 4:80-8 for beneficiaries. See In re Green, 175 N.J. Super. 595 (App.Div. 1980).
Nevertheless Lisa did receive money by reason of her father's death. The decedent maintained a savings account in his name as trustee for her in the Bowery Savings Bank in New York City. Lisa received $4,627.30 from this account which passed outside of the estate. She was also the beneficiary of a life insurance policy on decedent's life. There seems to have been a problem in the collection of the proceeds of the policy for Lisa. Thus on October 17, 1979 Joyce Karamus, represented by an attorney in the Superior Court, Chancery Division, Union County, in the matrimonial matter between herself and decedent, as post-judgment relief, obtained an order that the proceeds of the life insurance policy, $10,000, and the accumulated dividends, $1,047.83, together with interest on these sums be paid to her as trustee for Lisa.
On July 22, 1980, 23 months after decedent's will was admitted to probate, Joyce Karamus filed a certification with the Union County surrogate instituting the proceedings leading to this appeal.[3] The certification recited she had communicated on her daughter's behalf with the attorney for the estate with *56 regard to Lisa's share of the estate. Joyce Karamus also said that she had not been given a copy of the will and the only asset left Lisa was the Bowery Savings Bank account. She further stated that she believed decedent lacked testamentary capacity when he executed the will and "Ann" and "Jack" Karamus may have attempted by fraud and other undue means to deprive Lisa of her "rightful inheritance" and had exerted undue influence on the decedent. On August 8, 1980, apparently pursuant to R. 4:80-7, a Superior Court judge issued an order for John A. Karamus, the executor, to show cause why the judgment of the surrogate's court of August 22, 1978 admitting the will to probate should not be set aside.
The will had been drafted by the attorney for the estate. He filed an answering certification indicating that when he interviewed the decedent approximately one week before the will was executed the decedent was alert. When the attorney returned to have the will executed the decedent was in the same condition and was completely aware of his acts. The attorney also stated that in May 1979 he had given Joyce Karamus a copy of the New Jersey transfer inheritance tax report but she never asked for or was given a copy of the will. He said that the estate assets had been distributed in accordance with the will. He set forth the legal conclusion that the "present attack on this Will is now barred by the provisions of R.R. 4:80-7 and R.R. 4:50-2."
On January 23, 1981 Joyce Karamus filed a reply certification stating she believed "that at the time of divorce there was a Will leaving everything to Lisa, or at least providing for Lisa." She said she had been appointed guardian for Lisa for the Bowery account. She detailed her reasons for thinking decedent had lacked testamentary capacity when he executed the will. Joyce Karamus requested that the matter be set down on a contested list, apparently for trial, on the grounds that decedent lacked testamentary capacity and that there had been fraud and duress or undue influence. Further she requested relief because the attorney for the estate had not notified her that he was not *57 representing Lisa's interests and that actions adverse to Lisa's interests had been taken.[4]
The matter came on before the Superior Court, Law Division, for disposition on January 23, 1981.[5] The attorney for the estate urged that the application was untimely under R. 4:50-1 and R. 4:80-7. The court pointed out that there was no provision in the rules for notification of a person not a beneficiary when a will is probated and neither Joyce nor Lisa Karamus was a beneficiary under the will. The parties and the court discussed the then recently decided case of In re Green, supra, 175 N.J. Super. 595, holding in the circumstances there that the time limitations in R. 4:80-7 to challenge the probate of a will would not be applied against a beneficiary of an estate since the executor had not with respect to that beneficiary complied with R. 4:80-8. In our case the judge decided the matter without a plenary hearing on a record consisting only of the papers filed. He denied the application to set aside the probate of the will apparently on the ground that it was untimely. The judge indicated that In re Green should not be extended to situations in which the person seeking relief from the time constraints of R. 4:80-7 was not a beneficiary under the will. The judge did not consider whether principles similar to statute of limitations tolling provisions on behalf of infants should be read into R. 4:80-7(a) and (b). In view of this procedural disposition the judge did not reach the merits of the contentions raised by Joyce Karamus. On February 3, 1981 he signed an order denying the application to set aside the judgment of the surrogate admitting the will to probate. Joyce Karamus has appealed from that order.
*58 The time limitations for review of the judgment of probate of a will in common form are set forth in R. 4:80-7(a) and (b) which provide:
(a) Order to Show Cause; Time. If a will has been probated in common form, any person aggrieved by the judgment may, without notice, move for an order requiring the plaintiff to show cause why the judgment should not be set aside or modified; provided, however, the motion for the order to show cause is presented to the court or clerk within 3 months after entry of the judgment, or within 6 months thereafter if the moving party resided outside this State at the time of the entry of the judgment. If probate was granted by the surrogate's court of any county, the order to show cause shall issue from the county court, and if granted by the Superior Court, the order shall issue from that court. The order to show cause shall be served as provided by R. 4:67-3, but without serving the complaint or other papers in the action. Persons in interest may on their own motion intervene in the action. The hearing shall be de novo and the court may either set aside, modify or confirm the judgment.
(b) Relief Under R. 4:50 or From Fraud. Any person interested in a judgment of the surrogate's court of any county or Superior Court granting probate of a will in common form, who seeks relief therefrom under R. 4:50 or because of fraud upon the court may, without notice, move before the county court of the county or the Superior Court, as the case may be, for an order requiring the other persons in interest to show cause why the relief sought by him should not be granted; or in special circumstances, the court may grant the relief without issuing an order to show cause. Where relief is sought under R. 4:50-1 because of mistake, inadvertence, surprise, or excusable neglect or because of newly discovered evidence or because of fraud, misrepresentation, or misconduct, other than fraud upon the court, the application for an order to show cause or for the relief shall be made within 3 months after entry of the judgment, or within 6 months thereafter if the moving party resided outside this State at the time of the entry of the judgment.[6]
In the absence of prejudice and for good cause shown the limits may be extended for a period not exceeding 30 days. R. 4:80-7(d). There is no time limitation within R. 4:80-7(b) for an application for relief under R. 4:50-1(d), (e) or (f) nor is there any time limitation if the application for relief is based on a claim of "fraud upon the court." But none of these provisions *59 are applicable in this case.[7]R. 4:50-1(d), (e) and (f) permit a party to seek relief from a judgment on the grounds that a judgment is void, has been satisfied, released or discharged, is based on a judgment that has been reversed or vacated, may no longer be equitably applied prospectively or for any other reason justifying relief from the operation of the judgment. The nature of the judgment is such that it has not been satisfied, released or discharged and is not based on another judgment. A claim of undue influence on the testator or a lack of testamentary capacity is not within R. 4:50-1(f). See In re Small, 85 N.J. Super. 220, 225 (App.Div. 1964). Here the claim of fraud was asserted on behalf of Lisa and relates to an attempt to deprive Lisa of her interest in the decedent's estate. There is nothing in the record to suggest that the proponents of the will offered perjurious affidavits in support of the application for probate or otherwise to give any basis to conclude that this case involves a fraud on the court. Cf. In re Estates of Kortvellessy, 102 N.J. Super. 226, 233 (App.Div. 1968). Joyce Karamus also sought relief on the ground that the attorney for the estate had not notified her that he was not representing Lisa's interests and that he had taken actions adverse to her interests. This conduct would not be a basis to set aside a judgment admitting decedent's will to probate. We therefore conclude that unless the time for the application on behalf of Lisa should be extended because she is an infant, her application to have been timely should have been made within three months of the judgment admitting the will to probate.[8]
The parties cite no case deciding whether the time limitations in R. 4:80-7 apply to infants but we find precedents in parallel *60 situations.[9] Certain statutes of limitations do not run against infants.[10]See N.J.S.A. 2A:14-21; Tyson v. Groze, 172 N.J. Super. 314 (App.Div. 1980). Infants are allowed long extensions of time from the usual 90-day notice provisions of the Unsatisfied Claim and Judgment Fund Law (N.J.S.A. 39:6-61 et seq.) and the New Jersey Tort Claims Act (N.J.S.A. 59:1-1 et seq.) See N.J.S.A. 59:8-8; Wilkins v. Smith, 181 N.J. Super. 121, 125-126 (App.Div. 1981); Moore v. Truesdale, 48 N.J. Super. 257 (App.Div. 1958); Vedutis v. Tesi, 135 N.J. Super. 337, 340-341 (Law Div. 1975), aff'd sub nom. Vedutis v. South Plainfield Bd. of Ed., 142 N.J. Super. 492 (App.Div. 1976). In jurisdictions where the time to contest the probate of a will is fixed by statute there ordinarily are express provisions extending the period for the benefit of persons under legal disability. 80 Am.Jur.2d, Wills, § 882 at 71-72. We thus conclude that it would be consistent with treatment of infants in other situations to relax the time limitations of R. 4:80-7(a) and (b) on their behalf.
*61 The history of R. 4:80-7(d) leads us to believe that in a proper case the 30-day extension period therein provided may be further extended. Until September 8, 1969 R.R. 1:27B(d) provided that neither the court nor the parties could enlarge the time for taking any action under R.R. 4:99-6 or R.R. 5:3-4, two of the predecessor rules to R. 4:80-7, except that in the absence of prejudice an extension not exceeding 30 days from the expiration of the time permitted could be granted upon a clear showing of a good cause. Under the 1969 rules revision most provisions dealing with enlargement of time under the rules were placed in R. 1:3-4. R. 1:3-4(c) prohibits certain enlargements of time but does not forbid enlargements for applications for relief from judgments admitting wills to probate. R.R. 4:99-6 and R.R. 5:3-4 were replaced by R. 4:80-7. The enlargement of time provisions for R. 4:80-7(a) and (b) were placed in R. 4:80-7(d) rather than the general enlargement rule, R. 1:3-4. See R. 1:3-4(b). R. 4:80-7(d) is similar to R.R. 1:27B(d) in that enlargements may under appropriate circumstances be allowed for a period not exceeding 30 days. But it differs in that this affirmative grant of power is not accompanied by language parallel to that in R.R. 1:27B(d) that neither the court nor the parties may enlarge the time for taking any action to extend the period to contest a probate of a will beyond 30 days. Thus it appears that the 30-day extension provision of R. 4:80-7(d) may be further enlarged.
Our conclusion that the time periods may be extended finds support in In re Green, supra, 175 N.J. Super. at 595. There the court extended the time for a will challenge beyond the ordinary periods in R. 4:80-7(a) and (b) in a case in which the contestant asserted the will was a product of undue influence or testamentary incapacity. Id. at 597. It found that inasmuch as the executor had failed to comply with R. 4:80-8 the contestant, a beneficiary under the will, was not limited by the time constraints in R. 4:80-7. The court determined that this omission entitled the contestant to relief under R. 4:50-1(f).[11] *62 Green is distinguishable from our case since R. 4:80-8 was not applicable to Joyce Karamus or Lisa. But we face a different circumstance that may justify the relaxation of the time periods of R. 4:80-7(a) and (b) beyond that allowed in R. 4:80-7(d), the infancy of Lisa Karamus. We hold that in an appropriate case to prevent injustice, the court may, pursuant to its general power in R. 1:1-2 to relax any rule unless otherwise stated, relax the provisions of R. 4:80-7(d) providing for the time for enlargement of time for applications under R. 4:80-7(a) and (b) and further extend the time for an appropriate period. Cf. Zaccardi v. Becker, 88 N.J. 245, 251 (1982) (time to move to vacate a dismissal for failure to answer interrogatories may be extended pursuant to R. 1:1-2). A case in which an infant seeks the relaxation of the rule may be an appropriate one for relief. But we reject a per se rule which would permit an infant to seek relief from a judgment admitting a will to probate until he reaches his majority. Such a rule could work great injustice to persons reasonably relying on the probate of a will.
On the record before us involving a short delay we are satisfied that the time constraints in R. 4:80-7(d) should be relaxed on behalf of Lisa so that her application to set aside the probate of her father's will may be treated as timely. Thus we remand the matter to the Law Division, Probate Part for a plenary hearing on and disposition of all issues raised by appellant.
NOTES
[1] An agreement between the decedent and Joyce Karamus dated November 5, 1973 recites that Lisa was then six years old. Thus she cannot now be more than 16.
[2] A copy of the will has been supplied on this appeal. It is dated June 9, 1978. However the attorney for the estate who drew the will indicated in his certification that the will was executed June 29, 1978. We believe June 9, 1978 is probably the correct date.
[3] The certification is dated "7/25/80" but was stamped filed July 22, 1980. Joyce Karamus had been appointed guardian of the person and property of her daughter Lisa by the Union County surrogate on September 27, 1979. See R. 4:26-2.
[4] She also attempted to reserve the right to raise any ground developed from discovery.
[5] The matter was originally heard on January 16, 1981 and then continued until January 23, 1981 so the parties could read In re Green, supra, 175 N.J. Super. at 595. At the hearing the attorney for the estate represented that the total estate for transfer inheritance tax purposes was $42,645.95 and that the net estate after deductions was $34,739.64.
[6] The reference to the county court now means the Superior Court, Law Division, Probate Part, since the abolition of the county courts by constitutional amendment in 1978. R. 1:1A-3.
[7] Under R. 4:50-2 there is no explicit time limitation for applications under R. 4:50-1(d), (e) or (f). Motions for relief under those rules must be made "within a reasonable time."
[8] We assume she was a New Jersey resident when the will was probated.
[9] In In re Small, supra, 85 N.J. Super. at 220, two infants were held barred by R.R. 5:3-4(a), predecessor to R. 4:80-7, from challenging their grandfather's will on the ground that the grandfather had been the victim of undue influence and lacked testamentary capacity. But the court did not consider whether the time should have been extended because of the minority of the contestants. Further, insofar as appears from the opinion, the infants' standing to challenge the will came from the fact that their mother, the testator's daughter, died intestate five years after the testator. Finally the infants were only two of five persons contesting the will. The others seem to have been adults.
[10] Until January 1, 1952 the time for appeal proceedings respecting the probate of a will by the surrogate was governed by statute. N.J.S.A. 3:2-52. See Pusillo v. Czajkowski, 25 N.J. Super. 215, 217 (Ch.Div. 1953). N.J.S.A. 3:2-52 set appeal periods of three and six months, depending upon residency, for an interested person "or other person legally representing him...." The tolling provision of the statute of limitations did not apply to N.J.S.A. 3:2-52. N.J.S.A. 2:24-4. Thus since in the absence of specific language otherwise providing an infant is treated the same as an adult for statute of limitations purposes (see Uscienski v. National Sugar Refining Co., 19 N.J. Misc. 240 (C.P. 1941)), an infant was subject to the limitation periods of N.J.S.A. 3:2-52.
[11] A will challenge on the basis of undue influence or testamentary incapacity had been held to be subject to the time limitations of R.R. 5:3-4, a predecessor to R. 4:80-7. See In re Small, supra, 85 N.J. Super. at 225. If a judgment of probate of a will may be challenged for undue influence or testamentary incapacity under R. 4:50-1(f) the time constraints of R. 4:80-7(a) and (b) will become almost meaningless since neither R. 4:80-7(b) nor R. 4:50-2 place any definite limit on an application for relief under R. 4:50-1(f). See In re Small, supra, 85 N.J. Super. at 225. Thus we do not understand Green to hold that generally challenges to a judgment of probate on the basis of undue influence or lack of testamentary capacity may be brought under R. 4:50-1(f). It was only the executor's failure to comply with R. 4:80-8 that allowed the proceedings to be brought under R. 4:50-1(f).