**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4994-16T1

IN THE MATTER OF THE ESTATE
OF ELEANOR WELSH, Deceased.

_____

Argued February 6, 2019 – Decided February 27, 2019

Before Judges Ostrer and Mayer.

On appeal from Superior Court of New Jersey, Chancery Division, Burlington County, Docket No. 2011-1105.

Mark J. Molz argued the cause for appellants Sherese Welsh, Linda Welsh, and Melanie Welsh (Law Offices of Mark J. Molz, attorneys; Mark J. Molz, on the brief).

Douglas A. Fendrick argued the cause for respondents Eileen A. Reilly and Maureen A. Kennard (Fendrick & Morgan, LLC, attorneys; Douglas A. Fendrick, on the brief).

PER CURIAM

Appellants Sherese Welsh, Linda Welsh, and Melanie Webb appeal from a June 1, 2017 order approving a final accounting for the Estate of Eleanor Welsh (Estate).[1]  We affirm.

Eleanor died testate on April 30, 2011.[2]  Eleanor had three children: Joseph, Jr., Eileen, and Maureen.  Joseph Jr., the father of Sherese, Linda, and Melanie, predeceased Eleanor.

Eleanor's will was admitted to probate on May 16, 2011.  According to the will, "the monies contained in [Eleanor's] Vanguard account" were bequeathed one-third each to respondents and one-ninth each to appellants.  The will also directed all debts, funeral expenses, and administrative expenses be paid from the "Vanguard account."[3]  In addition, the will stated any beneficiary who directly or indirectly contested the will would forfeit his or her bequest.

---

[1]  Because each party filed an action in the probate court, we refer to the parties by their designation on appeal.  Appellants are Eleanor's granddaughters.  Respondents Eileen Reilly and Maureen Kennard are Eleanor's daughters and co-executors of the Estate.

[2]  Since some parties share the same last name, we refer to the parties by their first name.  We intend no disrespect.

[3]  There was no account number specified in the will.

2

On the date of her death, Eleanor held two Vanguard investment accounts. In June 2011, respondents transferred the balance of the Vanguard investment accounts into an Estate bank account.

In August 2015, respondents sent letters to appellants, requesting execution of release and refunding bonds to distribute the Vanguard account funds in accordance with Eleanor's will. In October 2015, appellants requested additional information regarding the Vanguard funds. In December 2015, respondents replied, explaining the schedule of distribution sent to appellants provided an accounting of the Vanguard funds, and requested that appellants complete and return the release forms. Appellants then requested additional documentation and a further explanation of the distribution of the Vanguard funds.

Dissatisfied with the information provided by respondents, appellants filed a verified complaint and order to show cause (OTSC). Appellants sought a formal accounting of the Estate or, in the alternative, removal of respondents as co-executors. On February 25, 2016, the probate judge granted appellants' OTSC and scheduled a hearing date. Respondents filed an answer and counterclaim. In the counterclaim, respondents sought to enforce the no-contest clause in the will.

A-4994-16T1

After hearing argument on the OTSC, the judge denied the relief requested by appellants in a May 6, 2016 order. In a written statement of reasons, the judge concluded respondents provided ample information regarding the Vanguard funds and the Estate's expenses, there was no evidence of misuse of any funds, and the documents submitted to the court evidenced the Estate's accounting was accurate and comported with the terms of Eleanor's will. The judge declined to address respondents' counterclaim.

Two weeks after the judge issued her order, appellants requested further explanations and additional documents relating to the Estate's expenses and the Vanguard funds. The back and forth between the parties regarding the matter continued for several months.

On March 9, 2017, respondents filed a verified complaint and OTSC requesting approval of a final accounting for the Estate and seeking to proceed in a summary manner. Respondents' verified complaint attached documentation confirming the Estate's expenses, the Estate's payment of expenses, the Estate's tax returns, the Vanguard account statements, and the correspondence forwarding these documents to appellants.

The same probate judge who handled appellants' probate action in 2016 signed respondents' OTSC and scheduled a hearing for June 1, 2017. In their

 A-4994-16T1

responsive pleading, appellants accused respondents of withholding account information and co-mingling Estate assets. However, appellants did not object to proceeding in a summary manner or request a plenary hearing.

On June 1, 2017, the parties, through their counsel, appeared before probate court. During the hearing, appellants sought to challenge Eleanor's will on the basis of undue influence despite never raising the argument in their 2016 probate action.

On the date of the hearing, the judge issued an order and written statement of reasons, approving the Estate's final accounting and rejecting appellants' challenge to the will based on undue influence. In reviewing the documents filed with the court, the judge concluded respondents provided a "thorough final accounting," and noted the Burlington County Surrogate's Office "audited the accounting and found it to be acceptable."

On appeal, appellants argue the probate judge erred in deciding the matter as a summary proceeding without a plenary hearing. Appellants also contend the judge erred in rejecting their undue influence claim.

On appeal from a summary proceeding, a trial judge's factual findings will be upheld as long as they are "supported by adequate, substantial, and credible evidence" in the record. Rova Farms Resort v. Inv'rs Ins. Co., 65 N.J. 474, 484

(1974).  We will not disturb a trial court's decision to deny a plenary hearing unless there is a "clear abuse of discretion."  Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 25 (2004) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Probate actions shall be brought as summary proceedings by way of a complaint and OTSC.  R. 4:83-1.  The Rule governing summary proceedings provides: "[i]f no objection is made by any party, or . . . the affidavits show palpably that there is no genuine issue as to any material fact, the court may try the action on the pleadings and affidavits, and render final judgment thereon."  R. 4:67-5.

Appellants argue respondents failed to file a motion to proceed summarily in accordance with Rule 4:67-1(b).  Rule 4:67-1 provides:

> This rule is applicable (a) to all actions in which the court is permitted by rule or by statute to proceed in a summary manner, . . . ; and (b) to all other actions in the Superior Court other than matrimonial actions and actions in which unliquidated monetary damages are sought, provided it appears to the court, on motion made pursuant to R. 1:6-3 and on notice to the other parties to the action not in default, that it is likely that the matter may be completely disposed of in a summary manner.

Because probate court matters are permitted to proceed summarily under the Rule 4:83-1, Rule 4:67-1(a) governs this matter and respondents were not required to file a motion to proceed in a summary manner.

6

Appellants' argument that a hearing was required is based on a mistaken belief that opposition to a summary complaint automatically creates an issue of fact, requiring a hearing. A judge is permitted to "try the action on the pleadings" and supporting documents, provided the judge determines there are no genuinely disputed issues of material fact. R. 4:67-5. Moreover, in a summary proceeding, the party opposing judgment "is not entitled to favorable inferences such as those afforded to the respondent in a summary judgment motion." Courier News v. Hunterdon Cty. Prosecutor's Office, 358 N.J. Super. 373, 379 (App. Div. 2003).

While appellants claimed respondents improperly co-mingled funds and failed to produce all account documents, appellants submitted no evidence to support their claims. See R. 1:6-6 (requiring facts not appearing of record must be presented to the court by affidavit or certification made on personal knowledge). The documentation submitted to the probate court by respondents provided ample credible evidence upon which the judge could decide the matter without a plenary hearing. R. 4:67-5; see also Red Bank Register v. Bd. of Educ., 206 N.J. Super. 1, 6 (App. Div. 1985) (affirming a trial court's determination that the matter could be decided on the papers); Shaw v. Shaw, 138 N.J. Super. 436, 440 (App. Div. 1976) ("It is only where the affidavits show

that there is a genuine issue as to a material fact, and that the trial judge determines that a plenary hearing would be helpful in deciding such factual issues, that a plenary hearing is required.").

We next consider appellants' claim that respondents improperly used Estate money, and therefore the judge erred in approving the final accounting. While the judge found some Estate funds were improperly disbursed, she also found respondents personally paid certain Estate expenses which should have been paid from the Vanguard accounts. The judge concluded the money improperly disbursed by respondents from the Vanguard accounts for non-estate expenses was over $3000 less than the money respondents personally paid for Estate expenses. Consequently, the judge found appellants received a windfall rather than a shortfall in the funds to be disbursed. The Burlington County Surrogate also audited the Estate account and determined the accounting was acceptable. Having reviewed the record, we are satisfied the judge's decision was supported by ample credible evidence.

We next review appellants' claim that the judge erred in rejecting their undue influence claim. Rule 4:85-1 requires a party seeking to challenge a probated will must do so by way of complaint and OTSC filed within four

months of the judgment of the probate court, or six months if the party resides out of State.

Eleanor's will was probated on May 16, 2011. It was not until six years later that appellants raised a claim of undue influence. Appellants never filed a complaint or OTSC seeking to set aside the will in accordance with Rule 4:85-1. We are satisfied the judge properly rejected appellants' unsupported and belated claim of undue influence. See In re Will of Small, 85 N.J. Super. 220, 222-26 (App. Div. 1964) (affirming trial court's denial of motion to set aside will for undue influence, filed six years after probate).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION